FRANCES BRITT WILKINS v. METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Appellant.—No. 38140.—165 S. W. (2d) 858.

Division One, November 10, 1942.

*Hunter & Chamier, Kenneth E. Midgley* and *Michaels, Blackmar, Newkirk, Eager & Swanson* for appellant; *Harry Cole Bates* of counsel.

*C. C. Franklin* and *Harry H. Evans* for respondent.

CLARK, J.—On appeal from a judgment for plaintiff in the circuit court, this cause was heard and determined by the St. Louis Court of Appeals. An opinion was adopted by a majority of the judges of that court [159 S. W. (2d) 354] but, upon the request of one

dissenting judge, the case has been transferred to this court and we rehear and determine it as in case of jurisdiction obtained by ordinary appellate process. (Mo. Const., sec. 6 of 1884 amendment to Art. VI.)

The suit is to recover accidental death benefits under two policies of insurance on the life of William Cooper, who died on August 1, 1936, as the result of an accident. Our policy for $210.00 with increasing benefits, was issued in 1903, and the other for $258.00 with increasing benefits, was issued in 1908. Neither policy, when issued, provided an accidental death benefit, but on December 1, 1928, the defendant sent out an announcement granting such benefits on certain policies then in force, including the two in question.

The announcement provided that, upon due proof of insured's accidental death "while this policy is in force, and while premiums are not in default beyond the grace period specified in this policy," the company would pay, in addition to any other sums due under the policy, an accidental death benefit "equal to the face amount of insurance then payable at death." The announcement also said that the accidental death benefit was granted without specific extra premium, the cost being included in the original premiums.

Both policies lapsed for non-payment of premiums on August 1, 1932, four years before the death of insured. Defendant (appellant) paid the principal amounts of the policies, but refused to pay the accidental death benefits.

It was admitted that the net value of each policy at date of lapse was sufficient to purchase temporary or extended insurance, even for double the principal sum, beyond the date of death of the insured.

Thus, the sole issue to be determined is whether the accidental death coverage was continued as temporary or extended insurance. That depends upon a proper construction of the policies, together with applicable statutes which must be considered as part of the policies.

As already stated, when first written these policies did not provide any accidental death benefits. As amended by the announcement of 1928, they provided for such benefits only "while this policy is in force, and while premiums are not in default beyond the grace period specified in this policy." This provision, considered alone, would clearly preclude recovery by plaintiff, because at insured's death the premiums were in default beyond the grace period.

Respondent says that, notwithstanding the terms of the policies, not only the ordinary death benefits, but accidental death coverage as well, were required to be carried forward as temporary or extended insurance under the terms of Sections 5852 and 5854, Revised Statutes Missouri, 1939. [Mo. Stat. Ann., sections 5741 and 5743, pages 4388 and 4394.] Moreover, respondent says that we must consider these sections as they existed at the dates when the policies were first issued.

At the original dates of these policies, Section 5852 (then section 6151, R. S. 1919) provided for extended insurance after payment of

three or more annual premiums on life policies "for the full amount written in the policy." In 1923 the section was amended to provide that the temporary or extended insurance "shall be such as is specified in the policy, but never less than the face amount insured by the policy."

Section 5854 has not been changed since these policies were issued and provides that "if the death of the insured occur within the term of temporary insurance covered by the value of the policy as determined in Section 5852, and if no condition of the insurance other than the payment of premiums shall have been violated by the insured" the company will be bound to pay the amount of the policy, the same as if there had been no default in the payment of premium, anything in the policy to the contrary notwithstanding.

Under these statutes, before the amendment of Section 5852, the Federal Circuit Court of Appeals in New York Life Ins. Co. v. Rositzky, 45 Fed. (2d) 758, held that accidental death benefits were carried as extended insurance although the policy there considered provided the contrary.

Valenti v. Prudential Ins. Co., 1 Fed. Supp. 993, 71 Fed. (2d) 229, was a case in which the facts were almost identical with those in the instant case. There the policy, issued before the 1923 amendment of the statute, contained no provision for accidental death benefits, but in 1928 the defendant insurance company issued a circular providing such benefits "while the policy is in force, and while there is no default in the payment of premium," no additional premium being required. Judge Otis wrote an opinion in the district court which was affirmed in an opinion by Judge Van Valkenburgh in the circuit court of appeals. The ruling was that the provision for accidental death benefits must be considered in view of the statute as amended in 1923, and, as so amended, the statute did not render void the provision in the policy that accidental death benefits should not be paid in the event of default in the payment of premiums. The Rositzky case was discussed and it was said "there is a most significant distinction" between the statute when considered in the Rositzky case and as amended in 1923.

In Smith v. Equitable Life Insurance Co., 232 Mo. App. 935, 107 S. W. (2d) 191, the St. Louis Court of Appeals discussed the effect of the 1923 amendment and reviewed both the Rositzky and Valenti cases. It was said that prior to the amendment the amount of extended insurance could not be limited to less than "the full amount written in the policy," while since the amendment the parties may limit the amount of extended insurance so long as it is not reduced below "the face amount insured by the policy;" and that "face amount" means the amount which is in all events payable as straight life insurance. It was further held that this construction does not

conflict with Section 5854 which by its own terms refers to the amount of temporary insurance required by Section 5852.

Cleaver v. Central States Life Ins. Co., 346 Mo. 548, 142 S. W. (2d) 474, was a suit on the double indemnity agreement contained in a life policy. The policy provided for the payment on proof of death of the sum of $10,000.00 "which is the face amount hereof," and for an equal additional amount if death resulted from an accident before default in the payment of any premium. The policy contained an automatic loan provision whereby the company agreed to advance loans to pay premiums without further action by the insured, provided the cash value was sufficient to secure such loans.

One defense in that case was that the defendant was not liable for double indemnity because the accidental death did not occur "during the premium paying period, before default in the payment of any premium." We held that the cash value was at all times sufficient under the automatic loan provision, to keep the premiums paid and, therefore, there was no default and the policy never ran on extended insurance. Incidentally, in determining whether the automatic loan provision was valid under our statutes, we assumed that if there had been default in the payment of premiums the insurance would have been extended for the face amount only, and not for double liability.

In Fletcher v. Ins. Co., 137 S. W. (2d) 621, under facts somewhat similar to those in the instant case, the St. Louis Court of Appeals held the defendant liable for the accidental death benefits while the policy was running on extended insurance. The opinion seems to concede (137 S. W. (2d) l. c. 623) that our statutes do not forbid the exclusion of accidental death benefits while the policy is running on extended insurance, if the policy contains an express provision to that effect, but holds that the provision in the policy then under consideration was ambiguous and had to be construed against the insurer.

In Salamone v. Ins. Co., 103 S. W. (2d) 506, the St. Louis Court of Appeals construed a policy to require payment of accidental death benefits although ▇▇▇ insured died after lapse in payment of premiums. That policy provided for extended insurance, stating "the amount of insurance payable if death occur within said term (extended insurance term) shall be the same amount as that which would have been payable if this policy had been continued in force."

Respondent in the instant case mainly relies on the Fletcher, Salamone and Rositzky cases. The majority opinion in the court of appeals reviews those cases as well as the other cases heretofore mentioned, and, we think, correctly resolves the contentions of respondent against her.

The Fletcher case does support respondent's theory, but the ruling there is based upon the erroneous premise that the exclusion clause (excluding accidental death coverage from being carried as extended insurance) was ambiguous. That clause provided for accidental death

benefits only if death occur "while the policy is in force and while the premiums are not in default beyond the grace period." The Fletcher opinion emphasizes the first part of the clause, "while the policy is in force," but overlooks the further requirement that death must occur "while premiums are not in default beyond the grace period." The latter requirement clearly excludes accidental death coverage from extended insurance unless it conflicts with some other provision in the policy or the statute.

In the Salamone case the policy did contain a provision, heretofore quoted, which might reasonably be held to make the policy ambiguous as it in effect stated that the amount of extended insurance should be the same as would have been payable if the policy had been kept in force.

The Rositzky case does not lend support to respondent's theory for it was decided on the statute before the 1923 amendment and we hold that the instant case must be governed by the amended statute. Of course, the statute as it then existed became a part of the policies when written and required extended insurance for the full amounts of the policies. The insured could not be deprived of that benefit by a later amendment of the statute, but the original policies did not provide any accidental death coverage. That additional benefit was added to the policies after the amendment of the statute and must be construed in accordance with the amended statute. In so holding we are in harmony with Smith v. Equitable Ins. Co., and Valenti v. Prudential Ins. Co., both supra.

As amended, Section 5852 provides that "the amount of such temporary insurance shall be such as is specified in the policy, but never less than the face amount insured by the policy." Section 5854 provides that "if the death of the insured occur within the term of temporary insurance covered by the *value of the policy as determined* in *section 5852*." In the instant case there were no amounts of extended insurance specified in the policies, so we must look to the statutes to ascertain the amount of such extended insurance and the length of time it shall run. Section 5852 fixes the *amount* and both sections together fix the length of time. Of course, extended insurance will run for a longer time for the face amount than it will for double the face amount. It so happens in this case that the reserve was sufficient to purchase extended insurance to the date of death for either the face amount or double that amount, but, suppose the death of insured had occurred beyond the time the reserve would carry the larger amount but within the time it would carry the lesser amount. Is it unreasonable to suppose that respondent or other beneficiaries might then be here contending that the statutes require extended insurance for the face amount only?

In Smith v. Equitable Ins. Co., supra, it was said: "the Legislature quite evidently took cognizance of the fact that the 'face amount'

of a life insurance policy is commonly and ordinarily understood to mean that amount which is in all events payable thereunder as straight life insurance, without regard to any additional features of the policy such as accident or disability insurance.'' We feel sure that is the meaning we must give to the term ''face amount'' in the policies now being considered. As originally written each of these policies specified only one amount, that payable as straight life insurance, which was undoubtedly the ''face amount.'' As the policies were amended by the announcement of 1928, the company agreed to pay, for accidental death while premiums were not in default, an additional amount ''*equal to the face amount* of insurance then payable at death.'' Clearly this means the additional coverage was not a part of the ''face amount.''

No amount to be carried as extended insurance was specified in the policies and ▆▆▆ so the statutes require the carrying forward of only the face amount.

We hold that the accidental death coverage was not carried forward as extended insurance, but terminated upon the lapse in payment of premiums. This is in accord with all the cases mentioned above except the Fletcher case.

Accordingly, the judgment of the circuit court must be and is hereby reversed.

All concur except *Hays, J.*, absent.