**HENDON v. BANKERS LIFE CO. OF DES MOINES, IOWA.**

No. 5797.

United States District Court
W. D. Missouri, W. D.
Feb. 20, 1950.

978

---

Johnson, Davis, Thomson, Van Dyke & Fairchild, by Albert Thomson and Clem W. Fairchild, Kansas City, Mo., for plaintiff.

William B. Cozad, William H. Curtis, of Morrison, Nugent, Berger, Hecker & Buck, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This is an action on the double indemnity provision of a life insurance policy evidenced by a rider attached thereto. The attached provision is entitled:

"Agreement for Double Indemnity Benefit."

These words are followed by the legend:

"Attached to and made a part of Policy No. 1339882, issued by the Bankers Life Company, Des Moines, Iowa, on the life of ...... Alva W. Hendon.........."

And, then, in a paragraph entitled "Benefit," the following pertinent language is used:

"Benefit  Upon receipt at its Home Office in Des Moines, Iowa, of due proof that the death of the In-

sured (a) occurred while the Policy and this agreement were in full force and effect and (b) resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means (etc.), * * * the Bankers Life Company agrees to pay an additional amount equal to the first amount set out in the first paragraph, Page One of the policy."

Adverting to Page One of the policy, it is there stipulated in said first paragraph:

"Bankers Life
Company
Des Moines, Iowa
Agrees to Pay
If Death Occurs after 20 Policy Years
Amount of Insurance ...... ‾ * * * Five Thousand * * * ............Dollars immediately upon receipt at the Home Office of the Company of due proof of the death of the Insured,

Insured  ......Alva W. Hendon.........

Beneficiary  while this Policy is in full force, to the Beneficiary, Dorothy M. Hendon, Wife, If Living, Otherwise Equally To Dorothy E. Hendon, Patricia A. Hendon And Mary H. Hendon, Daughters of the Insured, if living; otherwise as hereinafter designated, * *."

So far as pertinent, this constituted the first paragraph on Page One of the policy.

The policy was dated October 18, 1943. And it was admitted, both in the pleadings and in the evidence, that the insured, Alva W. Hendon, was killed in an automobile accident on September 8, 1948, and that Dorothy M. Hendon, the plaintiff, is the surviving designated beneficiary.

On the cover of the policy all of the legends indicate that it was a life insurance policy with a reduction in quarterly premiums at the end of 20 years, if the insured survived that period.

On the cover of the policy there were also endorsed the words:

"Limited Accidental Death Benefit"

This endorsement or legend followed words which described the policy as a:

"Family Protection Policy With Annual Dividends, Clean-Up Fund, And Monthly Income Benefit. Premiums Payable Until Death Of Insured Unless Previously Paid Up By Dividends."

This notation was followed by the words above mentioned in large type, namely:

## "LIMITED ACCIDENTAL DEATH BENEFIT."

It is the contention of the plaintiff that the double indemnity provided by the rider refers to the special benefits vouchsafed to the beneficiary as provided in the *second paragraph* (emphasis mine) on the first page of the policy, which provides in effect that:

"If Death Occurs Within the First 20 Policy Years (herein referred to as the 'income period') upon receipt of proof as above provided, the Company in lieu of the above payment, will pay immediately to the Beneficiary

| | | |
|---|---|---|
| Clean-Up Fund | ***Five Hundred*** | Dollars |

and beginning one month after the date of such death will pay to the Beneficiary an income of

| | | |
|---|---|---|
| Monthly Income | Fifty & NO/100*** | Dollars per month until the 18th |

day of October 1963 on which date the Company will pay to the Beneficiary

| | | |
|---|---|---|
| Amount of Insurance | ***Five Thousand*** | Dollars" |

This, it will be noted, provides for the income benefit in the event of death within the first 20 policy years, and such benefits are to terminate on October 18, 1963, just 20 years from the date of the policy.

The double indemnity provision specifically referred to the first paragraph of the policy and not to the second paragraph. There is, therefore, no ambiguity in the policy as the meaning is precise, unambiguous and clear.

Able counsel for the plaintiff is of the opinion that the interpretation of this policy should be ruled or controlled by the case of New York Life Insurance Company v. Hiatt, 9 Cir., 140 F.2d 752, 168 A.L.R. 551. The policy in that case was deemed ambiguous for the reason that upon the cover page in purple ink appeared the statement or legend, "Double Indemnity for Fatal Accident". On another page of the policy was (as in this case) a double indemnity rider, in which nine excepted occasions of death were enumerated. The court held that the provision stamped in purple ink on the cover page was to be construed along with the policy and if this resulted in ambiguity, then the doubt should be resolved in favor of the policyholder or beneficiary. The cover page in this case in relation to accidental benefits specifically advises the policyholder, or insured, that it contains a "Limited Accidental Death Benefit." This was sufficient to advise the policyholder that the double indemnity benefit was a limited one, and an examination of the rider shows that in specific terms it makes the amount named in the first paragraph on the first page of the policy, namely, "Five Thousand Dollars," the recoverable amount in the event of accidental death within the time and in the manner prescribed by the rider.

It is admitted by the defendant that the death occurred precisely as covered by the rider, and it is admitted that the Company is liable for the amount vouchsafed to the beneficiary by the rider. This amount is $5,000 and no more.

The instant case has clearer admonitory provisions than those contained in Heikes v. New York Life Ins. Co., 8 Cir., 171 F.2d 460, where the Court of Appeals, this circuit, held that where the insured had accepted and retained life policy containing a double indemnity benefit clause, he was charged with the knowledge of its terms.

That case was decided under the laws of Minnesota, but the laws of Missouri are to the same effect.

Accordingly, the plaintiff is not entitled to recover as prayed in either count of the complaint.

██ Since the defendant acknowledged its liability on the double indemnity provision of the policy in the sum of $5,000 and has paid same into court as a tender to the plaintiff, the judgment in the case should be in favor of the plaintiff for the amount so deposited, but with the costs to be taxed against the plaintiff.

Counsel for the defendant will prepare a proper journal entry and will submit same to plaintiff's counsel for approval as to form only.