Shirley Ann PIERCE, an Infant, by L. F. Pinkley, Guardian of the Property and Estate of Shirley Ann Pierce, a Minor, Respondent,

v.

BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA, a Corporation, Appellant.

No. 47665.

Supreme Court of Missouri,

Division No. 1.

March 14, 1960.

Web A. Welker, Portageville, Linus E. Young, Portageville, for plaintiff-respondent.

SAMUEL A. DEW, Special Commissioner.

The plaintiff, a minor, brought this action in the name of the guardian of her property and estate, to recover $40,000 on a life insurance policy issued by the defendant on the life of her father, since deceased, of which policy she is the sole beneficiary. She further sought to recover interest, damages for vexatious delay and attorneys' fees. The defendant deposited $30,000 with the court, subject to the order of the court, which, on order, was paid to the plaintiff, with accrued interest thereon. Trial was thereupon had on the plaintiff's claim for the remaining $10,000 sued for, with interest, damages and attorneys' fees. The court, upon a trial without a jury, gave judgment for the plaintiff for $10,000 with interest accrued, but denied her prayer for damages and attorneys' fees. From this judgment the defendant took this appeal.

The sole dispute now between the parties is the amount due the plaintiff under that part of the policy denominated the "Double Indemnity Supplement", which provides that in event the death of the insured be caused solely by accidental means as therein prescribed, the defendant would pay, "in addition to any benefits otherwise payable, a sum equal to the face amount of the policy." Defendant contends that the "Face Amount" of the policy is $10,000, as stated at the top of its first page and also in the insured's application. Plaintiff insists that the "Face Amount" of the policy is $20,000, made so by the provisions of a clause entitled "Double Benefit to Age Sixty", effective because the insured died before reaching the age of 60 years.

It is admitted that the policy was issued, as alleged; that it was in full force and effect when the death of the insured occurred; that the insured at the time of his

Harry C. Blanton, Sikeston, Geo. L. Gordon, Kansas City, Blanton & Blanton, Sikeston, Lathrop, Righter, Blackwell, Gordon & Parker, Kansas City, of counsel, for defendant-appellant.

death was 56 years of age, and that he was killed in an automobile accident. Other facts were stipulated by the parties, leaving for determination only the amount, if any yet due to plaintiff under the "Double Indemnity Supplement" (for accidental death).

At the top of the first page of the policy in question, in a space boxed off and outlined by ornamental border lines, appear the name of the insurer, the number and date of the policy, the name and age of the insured, the name of the beneficiary, the amount of the annual premium, and the printed words: "Face Amount", followed by the typewritten figures "$10,000.00", so as to read: "Face Amount $10,000.00."

Immediately below the above section, but without the decorative border lines, appear the printed words: "Whole Life Policy", "Double Benefit to Age 60", "Guaranteed Rate", "Non-Participating", and the typewritten words in capital letters: "With Waiver of Premium and Double Indemnity Benefits."

Next below the last above quoted words and also boxed within a space outlined with ornamental border lines, is the following:

"Business Men's Assurance Company of America agrees to pay immediately to the beneficiary at the Home Office of the Company the amount stated above upon receipt of due proof of death of the insured during the continuance of this policy.

"Double Benefit to Age Sixty—If the death of the insured occurs prior to the anniversary date of this policy on which his age at nearest birthday is sixty years, the Company will pay, *in lieu of the face amount,* double the amount provided above." (Italics supplied.)

The remaining contents of page 1 are not pertinent here except that following the section last described, and below the signatures of the insurer's officials, appear again the same printed words "Whole Life Policy", "Double Benefit to Age 60", "Guaranteed Rate", "Non-Participating", and the

typewritten insertion "With Waiver of Premium and Double Indemnity Benefits."

Omitting the numerous provisions on the next page and a half of the policy which are not material to the issues involved, and the clause referred to as the "Total Disability Supplement" waiving premiums under certain provisions specified, we find attached the "Double Indemnity Supplement", bearing the same date of issuance. For a period expiring December 1, 1966, and for the premium stated, the defendant agreed therein as follows:

"In the event of the death of the insured while this policy and supplement are in force, during the period of payment of premiums and before the date of expiry shown above, if such death results from bodily injuries effected solely through accidental means and within ninety days from the date of such injuries, the Company will pay the beneficiary in addition to any benefits otherwise payable, *a sum equal to the face amount of the policy.* Such additional amount shall be payable to the beneficiary upon receipt of due proofs of death." (Italics supplied.)

In the application for the policy made by the insured, attached to and made a part of the policy, there appears, among other matters, Question 27, with inserted answers, as follows: "What form life contract? Double to Sixty. Amount? $10,-000. Dis. 1 or 2? No. 1. D. I.? Yes."

The defendant vigorously asserts that there is no ambiguity or repugnance in the terms of the policy respecting the amount payable under the Double Indemnity Supplement (Accidental death); that the parties plainly intended to and did specify $10,000 as the "Face Amount" of the policy, which amount fixed the agreed additional sum payable in event of accidental death; that the mere perversion of the plain language of the policy by the plaintiff cannot create an ambiguity where none exists. The defendant further points out that the amount payable under the clause entitled: "Double Benefits to Age Sixty" is expressly made

payable "in lieu of the face amount", which, defendant contends, in no way destroys or abrogates the printed stipulation at the top of the first page of the policy reading "Face Amount $10,000.00", nor the effect of the application specifying a policy in the face amount of $10,000.

The plaintiff maintains that from the date of the policy the "Face Amount" thereof became $20,000 and so remained until and if the insured reached the age of 60 years; that the legend at the top of the first page "Face Amount $10,000.00" was converted into $20,000 by the subsequent provisions of the policy, to-wit: the 60 year clause. The plaintiff construes the typewritten words: "With Waiver of Premium and Double Indemnity Benefits", following the printed words: "Whole Life Policy" and "Double Benefit to Age Sixty" appearing in the policy, to fix the "Benefits Otherwise Payable" referred to in the Double Indemnity Supplement, at $20,000 until the insured reached the age of 60 years. Plaintiff also relies on the principle that if there be any doubt or ambiguity in the provisions of the policy under consideration, they should be determined in her favor as beneficiary.

The defendant takes the firm position that the inserted words: "With Waiver of Premium and Double Indemnity Benefits" were plainly a part of the general description of the kind and type of insurance covered by the policy and not intended to be a part of the contract, and even if it were a part of the contract, the words were entirely consistent with the accompanying specification in the policy and in the application that the "Face Amount" is $10,000.

This court has had occasion heretofore to define the "Face Amount" of insurance policies wherein additional payments are provided for under prescribed conditions. In Wilkins v. Metropolitan Life Ins. Co., 350 Mo. 185, 165 S.W.2d 858, 861, this court quoted with approval as follows: "'The "face amount" of a life insurance policy is commonly and ordinarily understood to mean that amount which is in all

events payable thereunder as straight life insurance, without regard to any additional features of the policy such as accident or disability insurance'". See, also, Smith v. Equitable Life Assurance Society of United States, 232 Mo.App. 935, 107 S.W.2d 191, 195.

In construing an insurance contract the court should give to plain and unambiguous words their plain meaning; it should consider the policy as a whole and if it is open to different constructions, that which is most favorable to the insured should prevail; but ambiguity cannot be created by mere perversion of language, or by the mere claim of ambiguity. Central Surety & Ins. Corp. v. New Amsterdam Casualty Co., 359 Mo. 430, 222 S.W.2d 76; Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99, 57 A.L.R. 615; Freese v. St. Paul Mercury Indemnity Co., Mo.App., 252 S.W.2d 653; 44 C.J.S. Insurance §§ 289, 290. The court should seek to ascertain and give effect to the intent of the parties to the policy. "Taking its words in their ordinary and usual meaning, no substantive clause must be allowed to perish by construction, unless insurmountable obstacles stand in the way of any other course. Seeming contradictions must be harmonized away if that course be reasonably possible." State Mutual Life Assurance Co. of Worchester, Mass. v. Dischinger, Mo., 263 S.W. 2d 394, 401.

The policy in question plainly contains three different insurance clauses, the first for "straight" life insurance in the face amount of $10,000, payable when death occurs by whatever means; the second, a substitute for the "straight" life insurance, and double that amount, called "Double Benefit to Age Sixty," payable if death occurs before insured has reached the age of sixty; and the third, in addition to all other benefits of the policy, and called "Double Indemnity Supplement," payable in a "sum equal to the face amount of the policy" in event of death by accidental means.

We cannot agree with the plaintiff in her construction of the provisions of the policy involved. We believe plaintiff and the trial court mistakenly construed the meaning and effect of the statement "Face Amount $10,000.00" at the top of the first page of the policy and in the application therefor and other references thereto, to mean "the amount due at death on the face of the policy" under the first and second insuring clauses, and erroneously construed that sum to have become the "Face Amount" referred to in the third insurance clause wherein defendant agreed to pay, as an additional indemnity in event of accidental death, "a sum equal to the face amount." We do not believe, as the plaintiff states in her brief, that the policy had two "Face Amounts," one before age 60 and one after age 60, nor that the double indemnity for accidental death in addition to "any other benefits" means in addition to $20,000, payable under the 60 year clause "in lieu of the face amount." We think the plain language of the policy precludes such construction.

The fact that because of insured's death prior to age 60, plaintiff is entitled by substitution to a sum *"in lieu of the face amount of the policy,"* but twice the sum stated as the "Face Amount," does not destroy the force and effect of the stipulated "Face Amount $10,000.00" as it limits the additional indemnity payable upon accidental death. Hendon v. Bankers Life Co. of Des Moines, D.C.Mo., 88 F.Supp. 977; Smith v. Equitable Life Assurance Society of United States, supra.

The judgment should be reversed and the cause remanded with directions to enter judgment for the defendant. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the court.

All concur.