THE STATE ex rel. SECURITY MUTUAL LIFE INSURANCE COMPANY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

In Banc, December 18, 1924.

1. **CERTIORARI: Assignment of Errors.** In *certiorari* to a court of appeals based on the ground that its opinion is in conflict with previous decisions of this court, an assignment of errors by relator has no place in the case. *Certiorari* in such a case is an original proceeding in this court, and the sole question is conflict or no conflict of opinion.

2. ———: **Conflict in Opinions: Insurance Policy: Rules of Construction: Ambiguity.** The Court of Appeals did not contravene any previous decision of the Supreme Court in holding that the rules for construing an ambiguous insurance contract are: *first,* the policy is to be construed liberally in favor of the insured and against the insurer; *second,* where a policy is susceptible of two interpretations equally reasonable, that construction most favorable to the insured must be adopted, even though in fact intended otherwise by the insurer; *third,* the law does not favor forfeitures, and

contracts ·of insurance must be so construed, if possible, as not to defeat the claim to indemnity; and, *fourth*, the provision in a policy, limiting and avoiding liability, must be construed most strongly against the insurer. On the contrary, such rules of construction, as so announced by the Court of Appeals, do not conflict with Mathews v. Modern Woodmen, 236 Mo. 1. c. 342, but in their application to a policy by no means expressed in plain and unambiguous words are in harmony with that case.

3. ——: ——: ——: ——: **Application to Thirty-Year Term Policy.** Where the sole question for determination was whether the policy, by language by no means plain and unambiguous, created a thirty-year life policy or a thirty-year term policy, and this court has never construed such a provision as is found in the policy, the Court of Appeals did not contravene any previous decision of this court, whether its decision was right or wrong.

Citations Pertaining to Subjects of Headnotes: 1, Certiorari, 11 C. J. pars. 37, 198; 2, Equity, 21 C. J. par. 76, and Insurance, 32 C. J. pars. 265, 266; 3, Courts, 15 C. J. par. 518.

## Certiorari.

Writ quashed.

*Lyle M. Allen* for relator.

(1) The opinion of the Court of Appeals is in conflict with Mathews v. Modern Woodmen, 236 Mo. 342, the latest controlling decision of this court, holding that a contract of insurance, like other contracts, must be construed as a whole and enforced along the line of its true intendment, as disclosed by a consideration of all its terms and provisions, and that it must be viewed from end to end and corner to corner, and all its terms must pass in review, for one clause may modify, limit or illuminate the other. See, also, Straus v. Imperial Fire Ins. Co., 94 Mo. 188. (2) The opinion of the Court of Appeals is in direct conflict with the case of State ex rel. Western Automobile Insurance Company v. Trimble 249 S. W. 902, the latest controlling decision of this

court, holding that unambiguous language in an insurance policy is not open to construction to defeat an insurance company any more than any other litigant. See, also, State ex rel. v. Ellison, 269 Mo. 720. (3) The opinion is in conflict with the following cases and authorities, holding that the rule that, of two constructions of a policy the one more favorable to the insured will be adopted if consistent with the objects for which the policy was issued, is not available to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and that the rule of liberal construction in favor of the insured and of strict construction against the insurer must be applied fairly and reasonably. Not only must there be an unexplained ambiguity in the language of the contract to invoke this rule, but even when such ambiguity exists the court, in construing the contract, cannot go further than a fair construction of the language used will permit. State ex rel. Western Automobile Ins. Co. v. Trimble, 249 S. W. 902; Renshaw v. Mo. State Ins. Co., 103 Mo. 604. (4) The opinion is in conflict with the following cases holding that, not only should every part of the policy be considered in arriving at the proper construction to be placed thereon, but such a construction should, if possible, be put upon the contract as will harmonize and give effect to all its provisions. The rule of liberal construction in favor of the insured and of strict construction against the insurer applies only where the language or some of the terms of the contract remain doubtful after applying the usual rules of construction. Mathews v. Modern Woodmen, 236 Mo. 342; State ex rel. Western Automobile Ins. Co. v. Trimble, 249 S. W. 902; State ex rel. v. Ellison, 269 Mo. 420.

*Howell & Jackson* and *Jones, Hocker, Sullivan & Angert* for respondents.

(1) In ascertaining whether it will assume jurisdiction in *certiorari* against one of the courts of ap-

peals, the Supreme Court will not determine whether the decision of the court of appeals was right or wrong, but is concerned solely with the question whether there is a conflict of decisions. State ex rel. Calhoun v. Reynolds, 289 Mo. 506; State ex rel. v. Reynolds, 290 Mo. 372; State ex rel. v. Allen, 291 Mo. 206; State ex rel. Shaw Transfer Co. v. Trimble, 250 S. W. 399. (2) The court of appeals held that the policy involved in this proceeding plainly provides for the indemnity recovered by plaintiff, but that if said policy is ambiguous the same should be construed liberally in favor of the insured. The opinion affords no ground for *certiorari*. State ex rel. Mo. State Life Ins. Co. v. Allen, 243 S. W. 842. (3) The opinion of respondents correctly sets forth the rules for the construction of the policy and is supported by numerous decisions of the Supreme Court. Bothmann v. Met. Life Ins. Co., 252 S. W. 652; Mathews v. Modern Woodmen, 236 Mo. 342; Renshaw v. Ins. Co., 103 Mo. 609. (4) The construction of the policy in question as a thirty-payment life policy was eminently correct and in accordance with numerous authorities from this and other states. Bothmann v. Ins. Co., 252 S. W. 652; La Force v. Ins. Co., 43 Mo. App. 530; Roseberry v. Benevolent Assn., 142 Mo. App. 559; Renshaw v. Ins. Co., 103 Mo. 609; Souders v. Casualty, 246 S. W. 613; Southland Life Ins. Co. v. Hopkins, 219 S. W. (Tex.) 265. (5) The judgment of the respondents being clearly right, the Supreme Court will not quash it, even though it should find that in respondents' opinion some general rule of law is incorrectly or inaccurately stated, but such judgment may stand and the objectionable part of the opinion be quashed. State ex rel. v. Reynolds, 270 Mo. 602; State ex rel. v. Reynolds, 284 Mo. 386.

GRAVES, C. J.—*Certiorari* to St. Louis Court of Appeals. The case in the circuit court was entitled Myrtra M. Howell, plaintiff, v. Security Mutual Life Insurance Company, defendant, which was an action up-

on an insurance policy issued to James E. Howell of Troy, Missouri, in August, 1906, in which policy his wife Myrtra M. Howell was the beneficiary. The amount of the policy was $1000, and the annual premium was paid from 1906 up to and including the year 1912. The 1913 premium, or any subsequent premium was not 'paid. James E. Howell died July 12, 1919, and after due proof of death payment of the policy was refused, and the circuit court action, supra, was brought. The plaintiff had judgment for $1130, and the defendant appealed to the St. Louis Court of Appeals where the judgment of the circuit court was affirmed. It is for the purpose of having the opinion and judgment of that court quashed that the instant action was brought in this court. In the opinion of the Court of Appeals, further details are thus stated:

"This is an action upon a life insurance policy issued by the defendant on the life of the plaintiff's husband, James E. Howell. The cause was tried by the court without a jury, upon an agreed statement of facts, and the trial resulted in a judgment for the plaintiff for one thousand, one hundred and thirty dollars. Unavailing in its motion for a new trial, the defendant appealed.

"The only question presented by this appeal is whether the policy in suit is a 'Thirty-Payment Life Policy' or a 'Thirty-Year Term Policy.'

"The policy bears date the 9th day of August, 1906. . The provisions of the policy pertinent to the question presented are as follows:

" 'Security Mutual Life Insurance Company, by this policy of insurance, agrees to pay one thousand dollars at its home office, upon receipt of evidence satisfactory to the company of the fact and cause of death, occurring during the continuance of this contract, of James E. Howell of Troy, County of Lincoln, State of Missouri, to Myrtra M. Howell, his wife, if living at the time of such death, otherwise to the executors or administrators of said insured.

" 'This contract is made in consideration of the application for this policy, which is made a part hereof. Also in consideration of the annual premium of twenty-nine and 69/100 dollars, to be paid in advance on delivery of this policy. . . . .

" 'Provisions.

" 'First. To continue this policy in force subsequent premium payments of twenty-nine dollars and sixty-nine cents each shall be made to the company at its home office on or before the 9th day of August in every year for the term of thirty years from the date of issue. . . .

" 'Fourth. This policy shall share equitably in all accumulations from lapses, interest and mortality savings, as determined by the actuary of the company, and if in force on the 9th day of August, 1936, the insured shall then have his choice of the following options:

" 'First. To surrender this policy properly receipted, and receive therefor in cash all such accumulations then to its credit; or,

" 'Second. To receive therefor a non-participating paid-up policy for such an amount as its cash value will purchase at single premium rates; or,

" 'Third. Beginning on the 9th day of August, 1936, this policy may be continued as a Renewable One-Year Term Policy at attained age, without medical re-examination, and all accumulations apportioned and to its credit shall be applied to maintain the original-rate level. Should such accumulations become exhausted the insured shall be required to pay only the net rate for One-Year Term Insurance, and nothing for the general fund.'

"It appears, from the agreed statement of facts, that James E. Howell paid the first initial annual premium of twenty-nine dollars and sixty-nine cents. and also paid the annual premium of twenty-nine dollars and sixty-nine cents due on said policy for the years 1907, 1908, 1909, 1910, 1911 and 1912, but neither he nor anyone on his behalf paid anything on account of any premium on said policy due subsequent to August 9, 1912;

that James E. Howell died at Troy, Missouri, on June 12, 1919, leaving surviving him his wife, Myrtra M. Howell, the plaintiff in this action; that, thereafter, on July 12, 1919, the defendant insurance company received, from the plaintiff, proofs of death of the said James E. Howell, which said company returned to the plaintiff with a letter in which it stated that the policy had lapsed for non-payment of premium.

"The agreed statement of facts further stipulates as follows:

" 'That if the policy sued on herein is a thirty-payment life policy for $1000, then three-fourths of the reserve on such policy, calculated and applied as a net single premium in accordance with Section 6946, Revised Statutes of Missouri of 1909, to the purchase of extended insurance, would continue said policy as extended insurance for its full amount, $1000, from the date of its lapse on August 9, 1913, for the non-payment of the premium due on that date, to a date beyond the death of the said James E. Howell.

" 'A Thirty-Payment Life Policy is one which by its terms requires the payment of premiums thereon annually in advance for thirty years only, and which at the expiration of such thirty-year period becomes fully paid-up for life, no further premium payable being required thereunder, but which remains in force and is payable upon the death of the insured.

" 'That if the policy sued on herein is a thirty-year term policy for $1000, then three-fourths of the reserve calculated and applied as a net single premium in accordance with Section 6946, Revised Statutes 1909, to the purchase of extended insurance, was insufficient to continue said policy as extended insurance from the date of its lapse on August 9, 1913, on account of non-payment of the premium due thereunder on that date, to the date of the death of said James E. Howell.

" 'A thirty-year term policy is one which by its terms requires payment of premiums thereon annually

in advance for a term of thirty years only, and which is payable only in the event of the death of the insured within such stipulated term of thirty years and while such policy is in force, and under which nothing is payable in the event the insured survives the stipulated term of thirty years.'

"In interpreting the contract in question certain fundamental canons of construction, relating to the construction of insurance contracts, should be kept in mind. They may·be stated as follows: (1) The policy is to be construed liberally in favor of the assured and ·against the insurer. (2) Where a policy is susceptible of two interpretations equally reasonable, that construction most favorable to the assured must be adopted, even though in fact intended otherwise by the insurer. (3) The law does not favor forfeitures, and contracts of insurance must be so construed, if possible, as not to defeat the claim to indemnity. (4) The provisions in a policy, limiting or avoiding liability, must be construed most strongly against the insurer. [Cunningham v. Union Cas. & Surety Co., 82 Mo. App. 614; Souders v. Commonwealth Casualty Co., 246 S. W. 613; Stix v. Indemnity Co., 175 Mo. App. 177; Mathews v. Modern Woodmen, 236 Mo. 342; Still v. Insurance Co., 185 Mo. App. 550; LaForce v. Williams' City Ins. Co., 43 Mo. App. 530; Stark v. Insurance Co., 176 Mo. App. 580; Rosenbach v. Fid. & Cas. Co., 204 Mo. App. 154; Rieger v. London Guar. & Acc. Co., 202 Mo. App. 204; Wiest v. Insurance Co., 186 Mo. App. 29; Schmohl v.· Travelers Ins. Co., 177 S. W. 1108; 1 Joyce on Insurance (2 Ed.) pp. 574, 575, 581; 25 Cyc. 740; Cooley on Insurance, 636; 14 R. C. L. 926.]"

The Court of Appeals ruled that the policy was a "thirty-payment life policy" and under the agreed facts it was in force at the death of Howell, although no premium had been paid since 1912. This ruling is charged to be in conflict with our rulings. Counsel for relator has an assignment of errors, but such an instrument really has

no place, in this, an original proceeding here. The sole question is conflict or no conflict of opinion. Further details are left to the opinion.

I. It is urged that the opinion of our learned brothers of the Court of Appeals conflicts with our ruling in Mathews v. Modern Woodmen, 236 Mo. l. c. 342, in that in the Mathews Case we ruled: "that a contract of insurance, like other contracts, must be construed as a whole and enforced along the line of its true intendment, as disclosed by a consideration of all its terms and provisions, and that it must be viewed from end to end and corner to corner, and all its terms must pass in review, for one clause may modify, limit or illuminate the other."

The quotation, supra, is from the brief and not from our opinion. However it fairly outlines one portion of a paragraph in Judge LAMM's opinion. What Judge LAMM in fact said and ruled is thus stated:

"(1) We must feel for and get at the meaning of the contract, for it is fundamental that our cardinal duty is to enforce it along the line of its true intendment—object, subject matter, parties and contract terms all considered. The just interpretation of a contract arises on the whole subject-matter. It must be viewed from end to end and corner to corner, and all its terms pass in review; for one clause may modify, limit or illustrate the other. Taking its words in their ordinary and usual meaning, no substantive clause must be allowed to perish by construction, unless insurmountable obstacles stand in the way of any other course. Seeming contradictions must be harmonized away if that course be reasonably possible. Again, forfeitures are not favored by the law. Courts never go out of their way to find them, but will enforce them when plainly set forth and there can be no two ways about it. They will not be allowed if ambiguities can be fairly resolved against them. Speaking of insurance contracts, it is a just and

settled rule that their restrictive terms shall be taken most, strongly against the insurer. The doctrine of *contra proferentem* is strictly applied with unaccommodating vigor, and, as said, ambiguities are blandly resolved in favor of the insured. So that, if the contract in suit is open to two constructions, one favorable to the insured and one not, if the insured has acted on the favorable construction, courts will take his view of the contract—being always mindful that the principal obligation (the very life and soul) of a policy is to pay the policy face when the contingency or event happens upon which payment is predicated."

In Renn v. Supreme Lodge, 83 Mo. App. l. c. 447, the court, by SMITH, P. J., happily announces good and acceptable doctrine, viz.: "Conditions and provisions in policies are to be construed strictly against the company as they tend to narrow the range and limit the force of the principal obligation. Conditions providing for disabilities and forfeitures are to receive, where the intent is doubtful, a strict construction against those for whose benefit they are introduced."

It will be noted that the Court of Appeals cites the Mathews case. Following this, the Court of Appeals then takes up the several provisions of the contract, and construes them—ignoring none. After considering all, such court ruled that the policy (considering all its particular provisions and conditions) was a "Thirty-Year Life Policy," and the defendant was liable. It was stipulated and agreed that it was liable, if the contract of insurance should be found to be a "Thirty-Year Life Policy."

The Court of Appeals, in fact, as evidenced by its opinion, considered every provision of the written instrument, but did so in the light of the four rules of law set out in the quotation from its opinion, above. These four rules do not contravene the Mathews case, but are supported by it. So that in the statement of abstract principles of law, there is no conflict. Whether in the

application of these proper rules of law to the terms of the particular contract before us, conflict was created, will be noted later. It suffices for this point to say that the abstract rules of law announced harmonize with the Mathews case, as well as with other cases along the same line.

II.  We are next cited to the cases of State ex rel. v. Trimble, 249 S. W. 902, and State ex rel. v. Ellison, 269 Mo. 1. c. 420.  The first involved an indemnity insurance contract issued by the Western Automobile Insurance Company.  The insurance contract was one against loss, and not one against mere liability for loss.  The contract provided that the company should not be liable until the claim had been reduced to judgment, and that judgment paid *in cash*.  The Court of Appeals ruled that the payment of the judgment by notes was a payment within the terms of the policy.  This court ruled, and properly so, that: ''The language is unequivocal and is to be given its plain meaning, though found in an insurance contract.  [State ex rel. v. Ellison, 269 Mo. 1. c. 420.]''

Both of these cases, relied upon by relator, simply rule that plain and unambiguous language in a contract must be given its plain meaning, although in an insurance contract.  The Trimble case, supra, concludes with these words:

''The decision of the Court of Appeals conflicts with the cases which hold that unambiguous language is not open to construction to defeat an insurance company any more than any other litigant, as is held in the case cited above, and others.  No question concerning the liberality of construction in insurance cases is involved in this case.  With all respect to our brethren of that court, we think the record should be quashed.  It is so ordered.''

There is nothing in the Court of Appeals' ruling that conflicts with this rule, unless it be said that the language in the policy involved here is so plain and unambiguous

that no court can say that it is other than a "Thirty-Year Term Policy." The language of the policy is not of the kind and character of the language used in either the Trimble or Ellison cases, supra. We find no conflict between the Court of Appeals opinion, and our two opinions cited first above. In fact the Court of Appeals took up the divers provisions of the contract, and as best it could, by the application of sound rules of construction, reached a conclusion as to the meaning of a contract, which contract is by no means expressed in plain and unambiguous language. So that no conflict, as stated above, appears as between the opinion of our learned brothers, and the two cases above mentioned.

III. We need not go further with the case. The general rules of construction applied by the Court of Appeals in determining the meaning of this contract accord with our rules. Taken as a whole, the contract language is not free from ambiguities. The sole question was whether the contract language made the policy a "Thirty-Year Life Policy" or a "Thirty-Year Term Policy" as said policies were defined in the agreed statement of facts.

This court has never construed such provisions as are found in this contract with reference to the single question here involved. It was therefore an open question for the Court of Appeals to determine. Whether such court determined it right (which personally we think it did) or wrong, is immaterial here. It follows that our writ was improvidently issued, and should be quashed. It is so ordered.

PER CURIAM:—The foregoing opinion of GRAVES, J., in Division One, is adopted as the opinion of Court in Banc. *Woodson, Ragland* and *White, JJ.,* concur; *David E. Blair, J.,* dissents; *James T. Blair, J.,* not sitting; *Walker, J.,* absent.