CENTRAL SURETY AND INSURANCE CORPORATION, Assignee of CLARA ROSS, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Appellants, Nos. 41386 and 41387—222 S. W. (2d) 76.

Court en Banc, July 11, 1949.

*James R. Sullivan* and *Arthur R. Wolfe* for appellant Employers Mutual Liability Insurance Co. of Wisconsin.

432

*E. R. Morrison, Randolph P. Rogers, Jr.,* and *Morrison, Nugent, Berger, Hecker & Buck* for appellant New Amsterdam Casualty Co.

*Douglas Stripp* and *Watson, Ess, Whittaker, Marshall & Enggas* for respondent.

TIPTON, J.—We ordered this case transferred from the Kansas City Court of Appeals. That court affirmed a judgment of the Circuit Court of Jackson County which sustained respondent's garnishment in aid of an execution to recover for proportionate liability of the appellants, two other insurers. The opinion of the Court of Appeals is reported in 216 S. W. 2d 527. The cases against the New Amsterdam Casualty Company and Employers Mutual Liability

Insurance Company of Wisconsin were consolidated in the Kansas City Court of Appeals and also in this court.

Clara Ross brought a suit against Cecilia Bowen and Matthew J. Bowen, doing business as the Bowen Construction Company, for personal injuries and damages to property. They notified the respondent and the two appellants herein and forwarded to each the petition and summons in the cause with the request·that they defend the action under the respective policies issued by them. The respondent did defend the action. The two appellants, hereinafter referred to as the Employers and the New Amsterdam, declined to do so, claiming no liability under the policies.

At the trial of the damage suit a jury was waived and the case was tried to the court. The stipulation in the garnishment proceedings shows that at the time and place of the accident the agents and servants of Bowen Construction Company were operating a tractor or truck on 85th Street, a public highway in Kansas City, Missouri, on the way to a construction job at President Gardens; that the place of the accident was not on the premises owned or controlled by Bowen Construction Company; that attached to the tractor was a semi-trailer on two wheels; that attached to the rear end of the semi-trailer was a road grader which was chained to the rear end of the semi-trailer by a tongue ▮▮▮ six or seven feet long, making the entire length of the tractor, semi-trailer and grader 55 feet; that each unit had a different width and the widest was the grader; that only the tractor or truck was self-propelled and it was towing the other two units; and that the grader had no motor and could only be moved by being towed. The tractor or truck had head lights and cluster lights burning but there were no lights on the grader. Clara Ross's automobile collided with the left rear wheel of the grader. Judgment was entered for Clara Ross for $4,000 for personal injuries and $400 for damages to her car, a total of $4,400.

The judgment of the court states that ''the plaintiff [Clara Ross] on February 23, 1945, accidentally sustained personal injuries (Count 1) and property damage (Count 2) as a direct result of negligence of the defendants [Bowen Construction] in the operation of a road grader or scraper which collided with a motor car which plaintiff was driving . . .'' A general execution was issued on behalf of Clara Ross and summonses in garnishment were issued to each appellant. Respondent, as assignee of the judgment, filed interrogatories to each garnishee, the appellants herein.

At the time of the collision referred to, the Bowen Construction Company held insurance policies issued by each appellant and respondent. Each policy contained an ''other insurance clause,'' in effect, limiting the liability to the insurer to a proportion of the loss. Each appellant contends that its policy does not cover the liability in question. On the other hand, the respondent contends that all three

policies cover the accident in question. The trial court found the issues in favor of respondent.

The respondent's policy covered liability of the Bowen Construction Company for personal injuries or property damages "caused by accident and arising out of the ownership, maintenance or use of the automobile" and, by endorsement, the semi-trailer. All parties agree that the respondent's policy covered the accident in question.

The New Amsterdam policy agreed to pay on behalf of the insured "all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law" because of bodily injury and property damage "caused by accident."

The New Amsterdam policy contained the following exclusion: "This policy does not apply . . . to the ownership, maintenance or use, including loading or unloading, of . . . automobiles while away from such premises or the ways immediately adjoining."

"In the construction of the policy, the rules to be followed are well settled. The policy is a contract. Plain and unambiguous language must be given its plain meaning. *The contract should be construed as a whole*; but, in so far as open to different constructions, that most favorable to the insured must be adopted. State ex rel. Security Mutual Life Ins. Co. v. Allen, 305 Mo. 607, 614, et seq., 267 S. W. 379, 381, 382. However, as said in 14 R. C. L. § 103, p. 931, *the rule 'does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity when none exists.'*" (Italics ours.) Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S. W. 2d 99, l. c. 101, 57 A. L. R. 615.

There is no ambiguity in the exclusion clause of this policy. Under the facts before us, it is almost identical with the insuring clause of the policy issued by the Central, the respondent here. If the respondent's policy covers the accident in question, as it admits it does, then of course it follows that the exclusion clause of the New Amsterdam's policy excludes coverage for this same accident.

The only difference between the insuring clause of the policy issued by the respondent and the exclusion clause in the New Amsterdam policy is that respondent's policy uses the phrase, "arising out of the ownership, maintenance or use of an automobile," while the exclusion clause says, "This policy does not apply . . . to the ownership, maintenance or use." We think the language in each policy means the same, even if the exclusion clause does omit the words, "arising out of."

In the case of Quality Dairy Co. v. Ft. Dearborn Casualty Underwriters, 16 S. W. 2d 613, the insurer denied liability on a policy that agreed to insure and indemnify the insured against any loss by reason of ownership, maintenance or use of an automobile. The insured was driving a truck with a two-horse wagon attached to it. The wagon broke loose from the truck which was being driven by one of the

insured's employees and collided with an automobile, injuring a woman passenger in the automobile. In ruling the case the St. Louis Court of Appeals said:

"Looking, therefore, to the facts and circumstances of the case as they may bear upon the issue for our determination, we think it is clear that the policy was intended to cover any use to which the truck might be put, subject to certain limitations which are not present here; and that the truck was in use, within the meaning of the policy, while it was being employed by plaintiff to tow the wagon which was attached to it. It is commonly understood that the use of a truck is to produce motion, and to move, carry, draw, or propel objects from one place to another by means of power generated by its engine and transmitted directly or indirectly to the object to be moved. Consequently, in the absence of a provision in the policy to the contrary, it could make no difference upon the question of defendant's obligation to indemnify and insure plaintiff against claims arising by reason of the use of the truck, that the load moved by it was one fastened to it in some manner, rather than one carried in its bed, or that the particular object happened to be a wagon on wheels.

"It is quite true that there is nothing in the agreed statement of facts which tends in anywise to indicate the precise cause of the wagon's becoming detached; but we do not regard this fact as material upon the question of defendant's ultimate liability under its policy. We say this for the reason that defendant's obligation to indemnify plaintiff against the liability imposed by law was not limited to cases where the truck itself produced the injury, but rather the policy was expressly drawn in terms broad enough to cover all claims arising by reason of the use of the truck, if we except the limitations stated in the policy, which we repeat are inapplicable here." L. c. 614-615.

We think this opinion of the St. Louis Court of Appeals is sound. It necessarily follows that the policy issued by the New Amsterdam which excludes liability of the "ownership, maintenance, or use, of . . . automobiles," does not cover an automobile or any vehicle attached to it, such as a road grader. At the time of the collision of Clara Ross's automobile with the road grader, it was being towed by an automobile. This road grader had no means of self-propulsion and had to be towed to be moved. It is true there is nothing in the facts which tends in anywise to indicate the exact cause of the collision of the automobile in question with the road grader, but we do not regard this fact as material upon the New Amsterdam's ultimate liability under its policy. The exclusion of liability of the New Amsterdam's policy was not limited to cases where the truck itself produced the injury but, rather, the policy was expressly drawn in terms broad enough to exclude liability while away from the insured premises. It was the use of the truck as a propelling power which put the road

grader in motion and started the chain of circumstances which proximately led to the injury.

We, therefore, hold that the New Amsterdam's policy did not cover the accident in question in this case.

Respondent contends that the judgment in the case of Ross v. Bowen Construction is controlling. That part of the judgment relied upon by respondent reads, "as a direct result of negligence of the defendants (Bowen Construction Company) in the operation of a road grader or scraper which collided with a motor car which plaintiff was driving." If the phrase, "operation of a road grader or scraper," as used in the judgment means the operation of the grader or scraper for the purpose for which it was built, for instance, to move dirt, then such an operation would come within the insuring clause of the policies issued by both the New Amsterdam and the Employers. But we do not believe the phrase was used in that sense because it is contrary to both the petition of Clara Ross in the damage suit and contrary to the agreed statement of facts in this case.

The petition of Clara Ross alleged that Bowen's employees "were driving and operating for and on behalf of the defendants a White tractor and Northwest trailer and towing an Austin Western road grader upon and along 85th Street, a highway in Jackson County, Missouri . . . that at said time and place the defendants, their agents, servants and employees while driving said tractor and trailer and towing said road grader so negligently and carelessly controlled and operated said tractor, trailer and grader as to cause or permit the same to come into violent contact with the automobile which plaintiff was driving, . . ." By the stipulation that was filed in this proceedings it was admitted the truck, trailer and grader were attached. In fact, the only way the grader could be moved was to tow it. We think the judgment meant by the phrase, "in the operation of a road grader," the moving of the grader while being towed by the tractor, and not that it was being operated for the purposes for which it was made. The judgment omits any reference to the fact that the grader was being towed and fails to identify the negligence of defendant as being negligent in the operation of the truck. The petition supplied these facts and the stipulations confirmed the allegations of the petition. If there had been no negligence in the operation of the truck, there would have been no collision of the grader with the automobile of Clara Ross. Quality Dairy Co. v. Ft. Dearborn Casualty Underwriters, supra; Schmidt v. Utilities Insurance Co. et al., 353 Mo. 213, 182 S. W. 2d 181, 154 A. L. R. 1088.

Of course, in the operation of the insured's business it was necessary to move equipment over highways, but if in the moving of the equipment it was done by an automobile then it came within the exclusion clauses of the New Amsterdam's policy. Under these circumstances

it also came within the exclusion clauses of the Employers' policy as we will presently show.

The policy of the Employers entitled "General Liability Insurance Policy" provides coverage of the liability of the insured for bodily injury and property damage sustained by any person or persons "caused by accident and arising out of the hazards hereinafter defined." The hazards, as defined, were specified as follows: "Premises and Operations—The ownership, maintenance or use of the premises, and all operations during the policy period which are necessary or incidental thereto." Exclusion (b) provides: "This policy does not apply under Division 1 of the Definition of Hazards . . . to automobiles while away from premises owned, rented or controlled by the named insured." The policy defines automobiles as follows: "The word 'automobile' shall mean a land motor vehicle, trailer or semi-trailer, provided that any crawler type tractor, farm machinery, ditch or trench digger, power crane or shovel, grader, scraper, roller, well drilling machinery, asphalt spreader, concrete mixer and mixing and finishing equipment for highway work other than a concrete mixer of the mix-in-transit type, shall not be deemed to be an automobile unless being towed or carried by an automobile."

"The construction of insurance contracts are governed by the same general rules as are applied to the construction of other written contracts. 'The function of the courts is to construe them, not to make them.'" Henderson v. Massachusetts Bonding and Insurance Co., 337 Mo. 1, 84 S. W. 2d 922, l. c. 924. Where possible, it is our duty to give every clause of the policy some meaning.

Keeping these principles of law in mind, there is no doubt that a grader "being towed or carried by an automobile" comes within the definition of an automobile. That definition says that a land motor vehicle, trailer or a semi-trailer is an automobile, but any crawler type tractor or grader is not an automobile; however, a grader that is being towed by an automobile is one. Since the grader in question was being towed by an automobile it comes under the above definition of an automobile. The language of the definition is plain and unambiguous. Exclusion (b) provides: "This policy does not apply under Division 1 of the Definition of Hazards . . . to automobiles while away from premises owned, rented or controlled by the named insured." It is undisputed that the accident to Clara Ross happened on 85th Street in Kansas City. It happened away from the premises of the insured and therefore the policy issued by the Employers does not cover this accident.

From what we have said it follows that the judgment of the trial court should be reversed both as to the New Amsterdam and the Employers. It is so ordered. All concur.