Luella DAVIS, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

No. 16953.

United States Court of Appeals
Eighth Circuit.

Oct. 12, 1962.

Rehearing Denied Nov. 8, 1962.

Forrest Boecker, St. Louis, Mo., William B. Ewald, St. Louis, Mo., on the brief, for appellant.

William W. Evans, St. Louis, Mo., for appellee.

Before VOGEL and VAN OOSTERHOUT, Circuit Judges, and VAN PELT, District Judge.

VAN PELT, District Judge.

This case involves the coverage under a service station policy of insurance issued by appellee to the employer of appellant's husband. The policy provisions are not in dispute.

Appellant's husband was employed as a service station attendant in St. Louis. While in the performance of his duties as such attendant on December 17, 1960,

and when mounting a tubeless automobile tire on a ring and introducing compressed air into the tire, an explosion occurred resulting in fatal injuries. Appellant brought suit against the employer for her husband's death claiming negligence and recovered a judgment for $25,000.00 and costs.

The case before us arises by reason of the issuance and service upon appellee of a garnishment summons to which appellee made answer. Appellee then filed a motion for summary judgment. Appellant answered this motion. Upon submission, the trial judge sustained the motion and discharged the garnishee, holding in effect that appellee, under the terms of the policy issued, had not become liable to pay the judgment which appellant had recovered against appellee's insured. The widow appealed.

The question presented here and in the trial court is one of coverage. It is whether or not the service station policy of insurance issued by appellee excluded from its coverage a claim arising by reason of the death of an employee injured while engaged in his employment as a service station attendant.

The policy binds appellee:

"COVERAGE A—LIABILITY; * * * To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person, * * * caused by accident and arising out of the ownership, maintenance or use of the premises for the purpose of an automobile service station, and all operations necessary or incidental thereto; * * *."

It contains an exclusion clause whereby the policy does not apply:

"(h) as respects coverage A, to bodily injury of any employee of the insured arising out of and in the course of his employment by the insured; * * *."

It is the contention of appellant that this exclusion clause does not operate to avoid the insurer's liability because it excludes only "bodily injury of any employee of the insured" and does not exclude the insured employer's liability to appellant for damages on account of the wrongful death of appellant's husband.

It is further contended that the term "bodily injury" as used in the policy is ambiguous. The language relied upon to create the ambiguity is contained in coverage A, which provides that the coverage encompasses "bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury.'" It is claimed (See Record, page 27) that "the words 'bodily injury' are used in their ordinary sense, and are then made words of art and given an entirely different meaning to include not only their ordinary meaning, but also to include sickness or disease, including death resulting therefrom," thereby creating an ambiguity.

■■ It is further claimed as a matter of law, the policy having been prepared by appellee, that any ambiguities in the policy are to be construed against appellee. It is also contended that exclusion clauses are to be narrowly construed and if there are ambiguities the policy is to be construed so as to favor coverage and disfavor the exclusion. These propositions of law are well nigh elementary. Support for them can be found in cases decided both in the Missouri courts and in this court. However, these principles have no application to this case unless the policy is actually ambiguous.

■ This court in Ismert-Hincke Milling Co. v. American Credit Indemnity Company of New York, 8 Cir., 224 F.2d 538, 542, has set forth the rule in Missouri which is binding in this case, saying:

"The Supreme Court of Missouri, in the case of Central Surety & Insurance Corporation v. New Amsterdam Casualty Co., 1949, 359 Mo. 430, 222 S.W.2d 76, 78, states the applica-

ble rule for construction of insurance contracts as follows:

" ' "In the construction of the policy, the rules to be followed are well settled. The policy is a contract. Plain and unambiguous language must be given its plain meaning. *The contract should be construed as a whole;* but, in so far as open to different constructions, that most favorable to the insured must be adopted. State ex rel. Security Mutual Life Ins. Co. v. Allen, 305 Mo. 607, 614, et seq., 267 S.W. 379, 381, 382. However, as said in 14 R.C.L. § 103, p. 931, *the rule 'does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity when none exists.' "* (Italics ours) Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99, loc. cit. 101, 57 A.L.R. 615.'

"We find no ambiguity here and may not read into the policy anything contrary to its plain terms."

The last sentence above is particularly appropriate here. The court ought not read into this policy anything contrary to its plain terms. As above noted, the exclusion clause as respects Coverage A uses the words "bodily injury." Appellant wants us to disregard the nomenclature in Coverage A which includes under the term "bodily injury" "bodily injury, sickness or disease, including death resulting therefrom."

Appellant's argument if adopted would mean if an employee's injuries were less than fatal that the policy would not afford coverage but if fatal then coverage would exist. To reach this conclusion we would have to disregard the plain language of Coverage A. To disregard that which appears plain and certain is to exercise inventive powers to create an ambiguity where none exists.

■ Reading the entire policy we conclude that it is clear that the policy did not include within its protection either injury to or death of appellant's husband when injured in the course of his employment with the insured employer.

■ It is argued that the district court reached a permissible conclusion on the law of the case and that we should not reverse the experienced Missouri federal judge on matters of Missouri law if he reached a permissible conclusion on matters of local law. With this contention and with the cases expounding it we are in general agreement (See Texaco-Cities Service Pipe Line Company v. Aetna Casualty & Surety Company, 8 Cir., 283 F.2d 912). However, we conclude not to rest the affirmance on that ground alone. The conclusion of the trial judge was not only a permissible one but was the only sound conclusion that could be reached under the policy of insurance issued by appellee.

The judgment is therefore affirmed.