Harold D. DIECKMAN and La Verne E. Dieckman, Appellants,

v.

Frank R. MORAN and Hartford Fire Insurance Company, Respondents.

No. 52378.

Supreme Court of Missouri, Division No. 2.

May 8, 1967.

Edward J. Delworth, Clayton, for plaintiffs-appellants.

Murphy & Kortenhof, Edward E. Murphy, Jr., St. Louis, for respondent Hartford Fire Ins. Co.

PRITCHARD, Commissioner.

Plaintiffs recovered judgment for personal injuries and loss of consortium against defendant Moran for $17,000. In this equitable garnishment proceedings against Moran's insurer, Hartford Fire Insurance Company, under § 379.200, RSMo 1959, V.A.M.S. (ruled against plaintiffs by the trial court), the determinative question is whether the incident out of which arose Harold D. Dieckman's injuries and resultant judgment is excluded from coverage under provisions of Moran's Homeowners Policy as a "Business Pursuit."

There is also a question of the sufficiency of notice of claim under the policy. Hartford did not press that defense in the trial court, and does not do so here. It is unnecessary to consider the notice issue in view of the holding hereinafter made.

Dieckman and Moran were employed as sheet metal workers by the St. Louis Board of Education on June 17, 1963, when, during the course of employment, Moran acti-

vated a power brake on a sheet metal machine and thereby caused injury to Dieckman. Hartford's Homeowners Policy, issued to Moran, was in force on that date.

Under Section II of the policy coverage was provided: "E. Comprehensive Personal Liability (Bodily Injury and Property Damage) $25,000.00 each occurrence; F. Medical Payments—Each person $500.00; G. Physical Damage to Property of Others $250.00." In "Provisions Applicable to Section II," Hartford agreed with its insured "To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * *."

Under "Special Exclusions" it was provided: "Section II of this Policy Does Not Apply:

(a) (1) to any business pursuits of an Insured, other than under coverages E and F, activities therein which are ordinarily incident to non-business pursuits,

(2) to the rendering of any professional service or the omission thereof, or

(3) to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an Insured, but this subdivision (3) does not apply with respect to bodily injury to a residence employee arising out of and in the course of his employment by the Insured."

Paragraph 2 (d) of Definitions under General Conditions provides: "Business: 'Business' includes trade, profession or occupation."

It is true, as plaintiffs state, the policy provides a comprehensive coverage for personal liability. They say further that the

phrase in Section II(a) (1) of the policy "other than under Coverages E and F" is set off from the rest of the clause by commas, and the clause may be read to exclude "business pursuits of an insured * * *, activities therein which are ordinarily incident to non-business pursuits." The two remaining portions of the clause are then read as being in series so that coverage is excluded under Section G as to business pursuits of an insured and activities therein which are "ordinarily incident to non-business pursuits." Apparently, although plaintiffs do not clearly state, their position is that by excluding said phrase, Coverages E and F are afforded for the incident out of which the injuries arose. They would apply the exclusion only to Coverage G for physical damage.

■ The rules of construction of language in insurance policies have been variously stated. "In the construction of the policy, the rules to be followed are well settled. The policy is a contract. Plain and unambiguous language must be given its plain meaning. The contract should be construed as a whole; but, insofar as open to different constructions, that most favorable to the insured must be adopted. State ex rel. Security Mutual Life Ins. Co. v. Allen, 305 Mo. 607, 614, et seq., 267 S.W. 379, 381, 382. However, as said in 14 R.C.L. § 103, p. 931, the rule 'does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity when none exists.' Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99, loc. cit. 101, 57 A.L.R. 615." Central Surety & Ins. Corp. v. New Amsterdam Cas. Co., 359 Mo. 430, 222 S.W.2d 76, 78. See also Brugioni v. Maryland Casualty Company, Mo., 382 S.W.2d 707, 712 [5, 6]; 44 C.J.S. Insurance §§ 294–297, pp. 1155–1196; 29 Am.Jur. Insurance, § 245, p. 627 et seq.

■ The policy provision here under scrutiny is not ambiguous, as plaintiffs claim. True, it is poorly worded. The

intent, however, is clear: business pursuits of the insured are excluded, except activities therein which are ordinarily incident to non-business pursuits. As Hartford contends, the inclusion of the phrase "under Coverages E and F" is for the purpose of limiting "activities ordinarily incident to non-business pursuits" to Coverages E and F, but not to physical damage to the property of others under Coverage G. The phrase "activities therein which are ordinarily incident to non-business pursuits" refers to the previous business exclusion. Plaintiff Dieckman being injured in the course of his employment by the act of Moran, also in the course of his employment, was within the "business" exclusion and definition thereof (i. e., "occupation") of the policy. It is not contended that Moran was not engaged in a business pursuit at the time of the injury, or that he was engaged in an activity ordinarily incident to a non-business pursuit under the exceptions to the excluded coverage. See and compare Western Casualty and Surety Company v. Salerno, D.C., 224 F. Supp. 584, 588, and the appeal thereof, Salerno v. Western Casualty & Surety Company (C.A. 8th), 336 F.2d 14, 19.

Plaintiffs' contended construction, supra, does not aid them. If the words "other than under Coverages E and F" are removed, Section II provisions still exclude business pursuits of the insured and also would exclude "activities therein which are ordinarily incident to non-business pursuits."

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.