David GILLETTE, Appellant,

v.

Howard B. O'DELL et al, Respondent,

and

Gulf Insurance Company, Garnishee/Respondent.

No. WD 43973.

Missouri Court of Appeals, Western District.

Feb. 18, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1992.

Application to Transfer Denied June 2, 1992.

Steven L. Hobson, Kansas City, for appellant.

Martin M. Loring, Kansas City, for respondent.

Before SHANGLER, P.J., and LOWENSTEIN and BERREY, JJ.

PER CURIAM:

This is an appeal from a summary judgment granted in favor of the respondent Gulf Insurance Company, which was the garnishee in an action brought by Gillette. Gillette, a passenger, was injured when a car driven by Scott O'Dell was involved in an accident. O'Dell, who died from his injuries, was driving a car owned by Shopper News Publications but while in the course of his employment with Del–Mor Graphics, Inc. O'Dell's parents were the "individual owners" of Del–Mor. Gulf had issued a package or comprehensive type liability policy to Howard and Vivian O'Dell and Del–Mor. Gulf denied coverage on the basis the policy did not insure against risks arising out of the use of an automobile. A default judgment of over $1 million was entered in Gillette's favor against Del–Mor and Scott's parents and this unsuccessful garnishment in aid of execution followed against Gulf.

The case turns on whether the policy is ambiguous on its face as to providing auto liability for Del–Mor. The policy, as here pertinent, is divided into sections: I property insurance for replacement of buildings; II general-automobile liability coverage. The declarations page under Section I had certain boxes filled in as to the business property to be covered. (See appendix, figure 1). Section II had typed-in the figure of $500,000 for "Bodily Injury Liability" per occurrence, and $100,000 for "Property Damage Liability." Also of note on this page is the typed in figure of $536 for the "total advance policy premium." Section II had a separate declarations page, with the left hand side having the heading general

liability coverage and the box for "manufacturers' and contractors' liability" filled in with a premium of $165 a year. The side for automobile coverage is blank, except the word "NIL" has been inserted by the box showing a premium charge for auto. Immediately above this Item 3 reads: "The insurance afforded is only with respect to the following Coverage Part(s) indicated by specific premium charge(s)." (See appendix, figure 2). The coverage portion of Part II contains the breakdown of the $165 charges for the manufacturer' and contractors' coverage of $100,000 and $500,000 for property and liability coverage. Exclusions to that particular coverage appear on the next page and state the insurance does not apply to bodily injury or property damage arising out of the operation of an automobile rented or loaned to the insured or used by a person in the employment of the insured. For the sake of reader understanding, figure 3 is appended, the recap sheet of the total yearly premium charge for all coverage.

The appellant's theory is that the contract of insurance is ambiguous, *i.e.*, "the policy gives coverage and takes it away later on." Gillette relies on *Lutsky v. Blue Cross Hospital Services, Inc., of Missouri*, 695 S.W.2d 870 (Mo. banc 1985), for his conclusion. *Lutsky* restates the axiom that insurance policy contracts are strictly construed against the insurer and any ambiguity is resolved in favor of the insured. *Id.* at 874. The facts in Lutsky's declaratory suit were that the policy provided dollar limitations as to coverage, but a brochure and another document issued by the company promised a higher amount, $1 million, for serious illnesses per person up to a lifetime maximum. *Id.* at 872. In ruling for the insured the court's opinion stated:

> We conclude that the contractual force of Exhibits D and E is such that a limit below $1,000,000 may not be imposed on the hospital or medical benefits available for an illness or injury requiring hospitalization and having its inception while the $1,000,000 limitation is in effect. The attempt to impose a $5,000 annual and a $25,000 lifetime limit on benefits payable

for mental illness, then, is ineffective as to Loren's illness. Any other reading would render the manifestation of coverage up to $1,000,000 of no value to the beneficiaries.

\* \* \* \* \* \*

By reason of our conclusion just stated, any provision of the contract documents which, standing alone, might support the defendants' contentions, is ineffective to impose the enacted ceiling on mental illness benefits. If a contract promises something at one point and takes it away at another, there is an ambiguity. Such an ambiguity is patent, rather than latent, and may be resolved within the four corners rather than by means of extrinsic aids.

695 S.W.2d at 875 (citations and footnotes omitted).

*Lutsky,* and the later case of *Behr v. Blue Cross Hospital Service, Inc.,* 715 S.W.2d 251, 256 (Mo. banc 1986), stand for the proposition that an ambiguity is created when the total contract contains a promise by the insurer and takes it away in another part of the agreement. It is only then that insurance contracts will be construed in a light "ordinarily understood by laymen" and favoring coverage *Lightner v. Farmers Insurance Company, Inc.,* 789 S.W.2d 487, 490 (Mo. banc 1990); *Bellamy v. Pacific Mutual Life Insurance Company,* 651 S.W.2d 490, 496 (Mo. banc 1983).

■ However, when an insurance contract is unequivocal, and not fairly subject to two interpretations there is no ambiguity, the plain meaning will be adhered to, and courts shall not use "inventive powers for the purpose of creating an ambiguity where none exists." *West v. Jacobs,* 790 S.W.2d 475, 477 (Mo.App.1990).

■ This court concludes a reading of the contract admits no conclusion of automobile liability coverage in this package. *Gilbert/Robinson, Inc. v. Sequoia Insurance Company,* 655 S.W.2d 581, 587 (Mo. App.1983). A reading of the contract discloses no premium charge for auto coverage. At best, toward aiding the appellant's case, the general declarations page (figure 1) lumps together in Section II General liability coverage and Automobile liability coverage. But reading of the policy clearly shows the $500,000 and $100,000 limits were for business operations, not for use of a car. The failure to more clearly delineate the two types of coverage contained in Section II presents no basis for coverage, and comes close to the analysis Judge Pritchard gave in *Dieckman v. Moran,* 414 S.W.2d 320, 321 (Mo.1967): "The policy provision here under scrutiny is not ambiguous, as plaintiffs claim. True, it is poorly worded." The court will not rewrite the contract and create coverage. *Harrison v. MFA Mutual Insurance Co.,* 607 S.W.2d 137, 142 (Mo. banc 1980); *Madison Block Pharmacy v. U.S. Fidelity,* 620 S.W.2d 343, 346 (Mo. banc 1981). The $500,000 and $100,000 coverage on figure 1 pertain to one of the categories under General Liability, for which a $165 yearly premium was charged. It cannot be said the placing of general and auto liability in the same section or recapitulation created an ambiguity.

Under the scope of review, Rule 73.01, the trial court made no error of law in granting summary judgment. Likewise, the trial judge did not err in prohibiting parol evidence where no ambiguity existed. *Southgate Bank & Trust Co. v. Axtell,* 710 S.W.2d 247, 252–53 (Mo.App.1986).

The judgment is affirmed.

APPENDIX

FIGURE 1

## GULF
### INSURANCE COMPANY
KANSAS CITY, MISSOURI
(A STOCK INSURANCE COMPANY)

No CCP 911 95 37

### DECLARATIONS

Named Insured and P. O. Address     (No., Street, Town, County, State)     The Named Insured is:

HOWARD B. O'DELL & VIVIAN L. O'DELL AND
DEL-MOR GRAPHICS INC.
8 No. Main St., Liberty, Missouri 64068

- [X] Individual [X] Corporation
- [ ] Partnership [ ] Joint Venture
- [ ] Other

Policy Term: 3 Years   9/20/82 Inception   9/20/85 Expiration   12 noon standard time at the address of the named insured as shown above.

Insurance is provided only under those sections against those perils, and for those coverages and kinds of property for which a specific amount or limit of liability is shown below or in schedules or coverage parts incorporated herein, subject to all the terms of the policy and all forms and endorsements made a part hereof.

### SECTION I PROPERTY COVERAGE

| No. | Location | Construction | Occupancy | Protection Class at Risk |
|-----|----------|--------------|-----------|--------------------------|
| 1 | Hwy. #10, Sec. 4, Twp. 51N, Rge. 31W. | Fire-Resistive | Newspaper | 9 |
| xx | Liberty, Missouri | | Printing | |
| 3 | | | | |
| 4 | | | | |

### LIMITS OF LIABILITY

| | | Loc. No. 1 | Coins. | Loc. No. | Coins. | Loc. No. | Coins. | Loc. No. | Coins. |
|---|---|---|---|---|---|---|---|---|---|
| A | Building | $129,000. | 90% | | | | | | |
| B | Contents | $ 90,000. | 90% | | | | | | |
| C | Business Income | | | | | | | | |
| D | | | | | | | | | |
| E | | | | | | | | | |

COVERAGE UNDER SECTION I IS SUBJECT TO A $ 100. DEDUCTIBLE

### SECTION II GENERAL — AUTOMOBILE LIABILITY COVERAGE
#### LIMITS OF LIABILITY

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| F | Bodily Injury Liability | $ | each person $ 500,000. | each occurrence $ | | aggregate |
| G | Property Damage Liability | | $ 100,000. | each occurrence $ 100,000. | | aggregate |
| H | Medical Payments | $ | each person $ | each accident | | |

### SECTION III SPECIAL COVERAGE — COMPREHENSIVE CRIME
#### LIMITS OF LIABILITY

I $

J $

COVERAGE UNDER SECTION III IS SUBJECT TO A $_____ DEDUCTIBLE

### OPTIONAL COVERAGE

Forms and endorsements made part of policy at time of issue: **See Form 1168**
(INSERT NO. AND EDITION DATE)

Audit Period: Annual, unless otherwise stated:_____

$             Total Advance Policy Premium             $ 536.

First Mortgagee: **See Form 3647**

Countersignature Date:

Agency at: **Liberty, Missouri**

10/13/82mh

By_____ Authorized Agent

Amount Due at Inception and Each Subsequent Anniversary

3645 (12-79)

MEMORANDUM OF INSURANCE
COMPREHENSIVE COMMERCIAL POLICY

000013

FIGURE 2

GENERAL - AUTOMOBILE LIABILITY POLICY

## GULF
### INSURANCE COMPANY
### KANSAS CITY, MISSOURI
(A STOCK INSURANCE COMPANY)

No. CCP  911 95 37

**DECLARATIONS**

Item 1. Named Insured and Address:  (No., Street, Town or City, County, State)

HOWARD B. O'DELL & VIVIAN L. O'DELL AND
DEL-MOR GRAPHICS INC.
8 No. Main St.
Liberty, Missouri  64068

Item 2. Policy Period:  (Mo. Day Yr.)

From 9/20/82  to 9/20/85
12:01 A.M., standard time at the address of the named insured as stated herein.

The named insured is:
☐ Individual   ☐ Partnership   ☒ Corporation   ☐ Joint Venture   ☐ Other: _____
Business of the named insured is: (ENTER BELOW)          Audit Period: Annual, unless otherwise stated. (ENTER BELOW)

Item 3. The insurance afforded is only with respect to the following Coverage Part(s) indicated by specific premium charge(s).

| General Liability Coverage Part(s) | Coverage Part No(s). | Advance Premiums | Automobile Coverage Part(s) | Coverage Part No(s). | Advance Premiums |
|---|---|---|---|---|---|
| Completed Operations and Products Liability Insurance | | $ | Automobile Medical Payments Insurance | | $ |
| Comprehensive General Liability Insurance | | $ | Automobile Physical Damage Insurance (Dealers) | | $ |
| Comprehensive Personal Insurance | | $ | Automobile Physical Damage Insurance (Fleet Automatic) | | $ |
| Contractual Liability Insurance | | $ | Automobile Physical Damage Insurance (Non-Fleet) | | $ |
| Druggists' Liability Insurance | | $ | Basic Automobile Liability Insurance | | $ |
| Manufacturers' and Contractors' Liability Insurance | L6408 | 165. | Comprehensive Automobile Liability Insurance | | $ |
| Owner's and Contractor's Protective Liability Insurance | | $ | Garage Insurance | | $ |
| Owners', Landlords' and Tenants' Liability Insurance | | $ | Uninsured Motorists Insurance | | $ |
| | | | | | $ |
| Personal Injury Liability Insurance | | $ | | | |
| Premises Medical Payments Insurance | | $ | | | $ |
| | | $ | | | |
| Sub Total—General Liability Premium | | $ 165. | Sub Total—Automobile Premium | | $ NIL |

Form numbers of endorsements, other than these entered on Coverage Part(s), attached at issue  See 1168                                                          $

Total Advance Premium for this policy.  $ 165.

* If the Policy Period is more than one year and the premium is to be paid in installments, premium is payable on:

Effective Date   1st Anniversary   2nd Anniversary
$ 165.           $ 165.            $ 165.

Countersigned:                                                                    000031

*Not applicable in Texas

By _____
                                           Authorized Representative

## FIGURE 3

business insurance

**COMPREHENSIVE COMMERCIAL POLICY**

**PREMIUM SUMMARY**

SECTION I —PROPERTY COVERAGE . . . . . . . . . . $__371.__

SECTION II —GENERAL-AUTOMOBILE LIABILITY COVERAGE  $__165.__

SECTION III—COMPREHENSIVE CRIME COVERAGE . . . . $_____

OPTIONAL COVERAGE . . . . . . . . . . . . . . . $_____

$_____

TOTAL PREMIUM  $__536.__

3844 (2-71)

00001 C