WORTHINGTON DRAINAGE DISTRICT, Appellant, v. ELM TOWNSHIP of PUTNAM COUNTY.—96 S. W. (2d) 374.

Division Two, August 20, 1936.

*E. M. Jayne* for appellant.

*Arch B. Davis* and *James W. Davis* for respondent.

TIPTON, P. J.—The appellant filed an action on delinquent drainage tax bills under authority of Section 10765, Revised Statutes of Missouri, 1929, against the respondent in the Circuit Court of Putnam County, Missouri. That court rendered its judgment in favor of the respondent and the appellant has duly appealed to this court.

The appellant is a drainage district that lies in Schuyler and Putnam counties, Missouri. It was organized by a decree of the Circuit Court of Schuyler County under what is now known as Article I, Chapter 64, Revised Statutes of Missouri, 1929. The respondent is one of the townships of Putnam County and a part of the drainage district is in that township.

The Chariton River runs through this drainage district. It constitutes the boundary line between Schuyer and Putnam counties. As already stated the appellant drainage district takes in a portion of each county. There are three bridges across the Chariton River in the vicinity of appellant district. These bridges were jointly erected by Schuyler and Putnam counties. The Putnam County ends of these bridges are not within the boundaries of the appellant district.

The appellant contends that the delinquent taxes were on account of benefits that were assessed to public roads of the respondent. On the other hand, the respondent contends that the assessment is on

account of "decreased maintenance and increased efficiency of three bridges across the Chariton River," and as no part of the bridges are in the drainage district and the respondent township, the respondent is not liable for the assessment. Other pertinent facts will be stated in the course of this opinion.

The assessment as made by the commissioners appointed by the Circuit Court of Schuyler County to assess benefits and damages of the appellant district is as follows:

"Township 65 N      Range 16 W      Putnam County, Mo.

| Tract No. | Owner of Property Ass'd of | Description Property Ass'd | No of Acres Ass'd | Amount of Benefits Ass'd |
|---|---|---|---|---|
| | | PUBLIC ROADS | | |
| Putnam Co. | | Decreased maintenance and increased efficiency of 3 bridges across the Chariton River within the boundary lines of the drainage district." | | $5000.00 |

The decree of the Circuit Court of Schuyler County approving the report of the commissioners is in like form. The drainage tax records on file in the office of the recorder of deeds of Putnam County is the same. The annual assessment, made by the Board of Supervisors of appellant district which is the basis of this suit is as follows:

| "Year | Description of Property Assessed | Amount |
|---|---|---|
| 1928 | PUBLIC ROADS | |
| | Decreased maintenance and increased efficiency of three bridges across the Chariton River within the boundary lines of the Drainage District. | $190.00 |
| 1929 | PUBLIC ROADS | |
| | Decreased maintenance and increased efficiency of three bridges across the Chariton River within the boundary lines of the Drainage District. | 145.00 |
| 1930 | PUBLIC ROADS | |
| | Decreased maintenance and increased efficiency of three bridges across the Chariton River within the boundary lines of the Drainage District. | 305.50 |
| 1931 | PUBLIC ROADS | |
| | Decreased maintenance and increased efficiency of three bridges across the Chariton River within the boundary lines of the Drainage District." | 205.50 |

Section 10755, Revised Statutes of Missouri, 1929 (one of the sections under which the appellant was organized), among other things provides: "The public highways, railroad and rights of way, roadways, railroad and other property shall be assessed according to the increased physical efficiency and decreased maintenance cost of roadways by reason of the protection to be derived from the proposed work and improvement. . . ."

If the assessment were on account of the public road of the respondent lying in the appellant district, then the respondent would be liable for the assessment. [Sec. 10755, supra; Harrison and Mercer County Drainage District v. Trail Creek Township, 297 S. W. 1, 317 Mo. 933.] This proposition is not disputed by the respondent when the proceedings organizing the district have complied with the circuit court drainage law. However, the appellant concedes: "If the assessment is an assessment of 'bridges' then the judgment of the trial court is correct."

It is our duty in construing all documents to give the words and phrases used therein their plain, ordinary and usual meaning. With this rule of law in mind, the sentence "Decreased maintenance and increased efficiency of three bridges across the Chariton River within the boundary lines of the Drainage District" can only mean that these three bridges are benefited by the organization of the drainage district. If the public roads of the respondent were meant then the commissioners should have described them, but they did not. Section 10755, supra, also provides: "The board of commissioners shall prepare a report of their findings, which shall be arranged in tabular form, the columns of which shall be headed as follows: Column one, 'owner of property assessed;' column two, 'description of property assessed;' column three, 'number of acres assessed;' column four, 'amount of benefits assessed;' column five, 'number of acres taken for right of way;' column six, 'value of property taken;' column seven, 'damages.' " The commissioners in their report to the Circuit Court of Schuyler County did not describe any public road in respondent township. Evidently, they came to the conclusion that no public road in respondent township was benefited by the proposed improvement. In fact there was no entire road in both the appellant district and the respondent township except the north half of a road 1226½ feet long, and the commissioners' report did not describe it. When the commissioners assessed the benefits to the roads in Schuyler County, they described them with particularity.

The caption "Public Roads" used in the commissioners' report is not a description of any public road, but is a subheading for the "column," "the description of the property." The description of the property under this column is three bridges across the Chariton River. Of course bridges are a part of a public road, and could be properly placed under the caption or column "Public Roads." Under the phrase "and other property" referred to in Section 10755, supra, the commissioners would have authority to assess benefits to bridges located in the drainage district.

This leads to the inevitable conclusion that the commissioners attempted to make an assessment on account of the benefits to the

274

three bridges. By the admission of the appellant under these circumstances, the judgment of the trial court was correct. The judgment, is, therefore, affirmed. All concur.