**AETNA INSURANCE COMPANY,**
Appellant,

v.

**Travis B. STANFORD, individually and d/b/a Stanford Construction Company et al., Appellees.**

No. 17637.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1959.

Robert Lee Guthrie, Johnson, Guthrie & Stanfield, Dallas, Tex., for appellant.

L. W. Anderson, William B. Henley, Jr., Dallas, Tex., Harris, Anderson, Henley & Rhodes, Dallas, Tex., of counsel, for appellees.

Before HUTCHESON, JONES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an equitable proceeding instituted by appellees, Travis B. Stanford, individually and d/b/a Stanford Construction Company, and Stanford Construction Company, Inc., a corporation, seeking, on the ground of mutual mistake, reformation of an insurance policy issued by appellant, Aetna Insurance Company.

The policy as issued on a printed form customarily used by the company, contained the following printed exclusion, among others:

"Loss or damage caused by flood meaning inundation, waves, tide or tidal waves, high water or overflow of streams or bodies of water whether driven by wind or not. This exclusion does not apply in respect to

"property while in due course of transit."

Appellees, at the time of the issuance of the policy, as contractors, were about to engage in the construction of a sewage disposal plant at Arlington, Texas. Eight months after the issuance of the policy, which had been in appellees' possession the entire time, and after the construction of the sewage plant was almost complete, the plant was seriously damaged by flooding of the Trinity River on March 13, 1957. Subsequent floods occurred April 19 and May 23, 1957. After loss by flood had been sustained, Stanford claimed the policy should have covered all damage by flood and not solely damage by flood to property in transit, and that it was issued with the exclusion clause as a result of a mutual mistake.

Aetna denied all liability for the flood loss and contended that the policy as written correctly represented the agreement between the parties. On the finding of an advisory jury on the equitable issue:

> "We, the Jury, find for the plaintiffs that there was a mutual mistake made and that the floater term of policy was the one agreed upon."

and without making findings of it own, the court rendered a decree in favor of the appellees for a flood loss in the sum of $75,952.31, together with interest and costs.

Defendant, appealing from the decree, is here assigning four points of error.[1]

The first two strongly attack the decree on the ground that the suit was not in law but in equity, and it lacks the necessary support of adequate findings and conclusions by the judge as a basis for it.

The third attacks the evidence as wholly insufficient to support a decree of reformation to import into the contract coverage for a flood hazard which is clearly and explicitly excluded.

The fourth attacks the action of the court in denying appellant's motion to dismiss appellees' pleading of mutual mistake because of a lack of definiteness, and asserts that this action is responsible for the misconception of the case by the judge and the jury which prevented its being fairly tried.

This is the record as it bears upon the first two grounds of error. Before beginning the trial, the court stated:

> "It occurs to the court that the suit will be in two parts, first, to establish the mutual mistake alleged, and, second, assuming that the mistake was made, then to prove the amount of the damage.
>
> "The mutual mistake element of the suit is in equity and will be left to the judge, but, there being also a jury question in the case, the judge will ask the advice of the jury on the question as to whether or not there was a mutual mistake made and will then ask them to find the amount of the damage if they believe there was a mutual mistake."

---

1. These are:

(1) In an equitable proceeding before an advisory jury it is error for the trial court to fail to find the facts specially and state separately its conclusions of law thereon as is required by Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

(2) It is error for a trial court to charge an advisory jury in an equitable proceeding on the basis of the allegations contained in plaintiffs' bill without hearing or comprehending the evidence of the parties, and in disregard thereof and to render a reformation decree on the basis of a jury finding of an elementary fact that is not in dispute between the parties.

(3) The evidence when considered as a whole does not warrant a court in reforming a written contract of insurance made between the parties so as to include a coverage against a hazard of flood which is clearly and explicitly excluded under the printed terms of the contract.

(4) At any rate, the trial court erred in overruling appellant's motion to dismiss appellees' pleading of mutual mistake in that the pleading does not state what agents of the plaintiffs and of the defendant made the mutual mistake, if any, the date that the mistake was made, and the exact mistake that was made.

Thereafter, this statement was made:

"The court might, instead of deciding the issue of mutual mistake himself, ask advice and the findings of the jury on that issue. He would not necessarily be bound by that finding but he would ask and he might use it if he saw fit and desired to have it. I think we will submit both the equity and the law question to the jury."

The case then proceeded to trial, and evidence was taken. At its conclusion, the court gave a brief charge on the issues of mutual mistake and reformation and of damages, to which the defendant made several objections, as shown in the margin.[2]

Thereafter the jury came in with its verdict,[3] and the judge, though the jury was taken as an advisory jury only on this issue, accepted and entered judgment on the verdict of the jury as though it were a law case on that issue, and neither adopted as his the findings of the jury, nor made any findings of his own.

The record standing thus, the appellant is here insisting that: the equitable issue in the case having been tried by agreement of the parties not as a law case to be tried by a jury but as an equity case to be tried by the court with an advisory jury, the court could not,

and it was reversible error for the court to, enter judgment on the advisory verdict alone; that in order to support a judgment it was essential that the court make findings and conclusions of his own.

In addition to this basic complaint, appellant relies upon the fundamental errors assigned by it, in the failure of the court to correctly charge the jury on the real issues in the case. It particularly relies on the defective and deficient verdict and on the misleading nature of the instructions which enabled, indeed led, the jury to find, and base its verdict on, a fact not in anyway dispositive of the issue of mutual mistake, that "the floater term of policy was the one agreed upon", a matter not at all in dispute between the parties, all the witnesses agreeing that the policy in suit was a "floater" policy.

As its third point of error, appellant attacks the judgment as wholly unwarranted because of the failure of appellee to prove "by clear and convincing evidence, and not by a mere preponderance", Day v. Fireman's Fund, 5 Cir., 67 F.2d 257, 258, that there was first a clear and definite oral agreement and that by mutual mistake this agreement was not carried into the written contract. St. Paul Fire & Marine Ins. Co. v. Jones, 5 Cir., 98 F.2d 448.

2. One is that the court did not instruct the jury that mutual mistake must be proven by clear and convincing evidence.

A second is that the court "has failed to instruct the jury on the specific mistake that is alleged to have been made between the parties and has allowed the jury to speculate as to any type of mistake or any type of reformation that the jury may speculate about."

A third is that "there are many types of All Risk Installation Floater Policies and that the term has no particular meaning in the insurance industry, but any company can issue any type of all risk policy that it wants to with any exceptions it wants to put therein."

A fourth is that the court has instructed the jury that there are two types of policy, a standard type of policy and an all risk installation floater policy, and the defendant says that that distinction is not

borne out by the evidence and that there is no standard type of policy for this type of coverage; that the term "Installation Floater Policy" is used by the Aetna Insurance Company in describing the only policy which it had then issued herein, and yet the jury, under the court's charge was led to believe that if the assured was entitled to an "All Risk Installation Policy" which Aetna says he received in this case, nevertheless they must find for the plaintiff.

3. "We, the jury, find for the plaintiffs that there was a mutual mistake made and that the floater term of policy was the one agreed upon."

"We further find that plaintiffs' damages occasioned by the flood incident to the construction of the plant were $81,937.97."

We agree with appellant's first two points of error, that the case was not as to the equitable issue properly tried as an equity case, and the decree must be reversed and the cause remanded for trial by the judge on the equitable issue. This being so, since the pleadings and the evidence may not be the same on another trial, we will not consider or discuss appellant's points 3 and 4, further than to say: of point 3, that we agree with appellant's statement of the law as to the proof required to support a finding and judgment of mutual mistake; and, of point 4, that the matter of the pleadings may well not assume any importance on the next trial.

Nothing is better settled, we think, than that the requirement of Rule 52, F.R.C.P., "Findings by the Court":

> "In all actions tried upon the facts without a jury *or with an advisory jury,* the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *" (emphasis added)

is not satisfied by mere lip service compliance. Winter Park Tel. Co. v. Southern Bell Telephone & Telegraph Co., 5 Cir., 181 F.2d 341; Major Appliance Co. v. Gibson Refrigerator Sales Corp., 5 Cir., 254 F.2d 497.[4]

In this case there was not even that much compliance. The district judge did not even adopt the jury's finding as his own. He treated the case as though it were a law case to be decided by the jury alone, and in no manner followed the injunction of the rule. Appellees' reliance, therefore, on our case of Reliance Life Ins. Co. of Pittsburgh v. Everglades Discount Co., 5 Cir., 204 F. 2d 937, and on Greenwood v. Greenwood, 3 Cir., 234 F.2d 276, in support of the judgment, is misplaced.

But this is not all. If the action of the district judge in entering judgment on the verdict could be regarded as a sufficient compliance with the rule, the judgment would still have to be reversed because of the errors in the charge and because of the fatal deficiency in the verdict that it was based on a finding of fact that the "floater term" of policy was the one agreed upon, a finding in no manner dispositive of the issue, indeed completely without significance.

The judgment is reversed and the cause is remanded.

---

4. Maher v. Hendrickson, 7 Cir., 188 F.2d 700; Hobbs v. Wisconsin Power & Light, 7 Cir., 250 F.2d 100; Kweskin v. Finkelstein, 7 Cir., 223 F.2d 677; Lipman v. Arlington Seating Co., 7 Cir., 192 F.2d 93; Irish v. United States, 9 Cir., 225 F.2d 3; Steccone v. Morse-Starrett, 9 Cir., 191 F.2d 197, 200, note 10.