**Joseph F. CAVANAGH, Administrator of the Estate of Catherine F. Cavanagh, Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY, Appellee.**

**No. 17345.**

United States Court of Appeals Eighth Circuit.

Jan. 14, 1964.

Bruce E. Woodruff, of Armstrong, Teasdale, Roos, Kramer, & Vaughan, St. Louis, Mo., Kenneth Teasdale and John P. Emde, Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, Mo., and John E. Herlihy, Walpole, Mass., for appellant.

Lee M. Carter, Clayton, Mo., Ralph M. Lake, Clayton, Mo., for appellee.

Before SANBORN, VOGEL and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal by the plaintiff (appellant) from a judgment in his favor for $10,000 in an action brought by him to recover $20,000 from the Continental Casualty Company, an Illinois corporation, upon a Missouri contract of group insurance issued to The Catholic Hospital Association of the United States and Canada, a Missouri corporation. Catherine F. Cavanagh, also known as Sister Josephine, died on January 18, 1960, in an airplane accident while returning to her post at DePaul Hospital, Norfolk, Virginia, from a meeting of the Council on Nursing Education of The Catholic Hospital Association held in St. Louis, Missouri. She was an insured under the policy in suit, which was in full force and effect at the time of her death. The plaintiff, as the administrator of her estate, appointed by the Probate Court of Suffolk County, Massachusetts, is concededly entitled to the death benefit provided by the policy.

The defendant Casualty Company admitted liability for $10,000, tendered that amount to the plaintiff in satisfaction of his claim, and has paid it into court. The plaintiff asserted that the policy had insured Catherine Cavanagh for $20,000 and that the defendant was indebted to him in that amount plus interest and a statutory penalty for vexatious delay. The vital issue tried was whether Catherine Cavanagh was insured by the policy for $10,000, as the defendant claimed, or for $20,000, as the plaintiff asserted and still asserts.

The policy contained the following provisions relative to insureds and their classifications:

"All Priests, Sisters, Brothers, Officers, Board Members, Episcopal Chairmen, Council Members, Committee Members, Employees and Regularly Listed Consultants of the Holder Are Insured Hereunder.

"For the Purposes of This Policy, Insured Persons are Divided Into Two Classes:

"Class I—Insured Persons Are All Priests, Sisters and Brothers of the Holder.

"Class II—Insured Persons Are All Other Officers, Board Members, Episcopal Chairmen, Council Members, Committee Members, Employees and Regularly Listed Consultants of the Holder Not Included in Class I."

The death indemnity for Class I insureds was $10,000. For those in Class II it was $20,000.

The case was tried to Judge Regan, a Missouri federal district judge. Federal jurisdiction was based on diversity of citizenship. The pertinent facts were

stipulated. At the time Catherine Cavanagh (Sister Josephine) came to her death, she was a member of the Council on Nursing Education of The Catholic Hospital Association, and "a professed Daughter of Charity of St. Vincent De-Paul, a religious community of the Roman Catholic faith."

Both parties asserted that there was no ambiguity in the language of the policy. The District Court concluded that the policy was unambiguous; that, under applicable Missouri law, there was therefore no room for construction or for introduction of extrinsic evidence of intent; that, by the terms of the policy, Class I included as insureds all priests, sisters and brothers of the holder (the Hospital Association); that Catherine Cavanagh was a "sister" and was included as an insured under Class I; that Class II clearly excluded from coverage all those included under Class I; and that the plaintiff was entitled to judgment for $10,000, without interest and without penalty.

Stated briefly, it is the contention of the plaintiff that, under the plain and unequivocal terms of the policy, Catherine Cavanagh was excluded as an insured from Class I because, although she was a "sister", she was not a "sister of the holder" within the meaning of the language defining Class I; and that, since she was, for that reason, excluded from Class I, she was necessarily included as an insured under Class II as a Council Member of the holder, and hence was insured for $20,000. The plaintiff argues that the language of Class I might be taken to include "those persons working primarily for or serving the holder more or less full time, who are priests, sisters and brothers," but that Catherine Cavanagh was not such a person.

The defendant contends that the words "of the holder" as used in the policy meant nothing more than associated with the holder or in the service of the holder, and that Catherine Cavanagh in that sense was a "sister of the holder" and was clearly included in Class I.

It is the law in Missouri, as elsewhere, that unambiguous language in a contract of insurance is not subject to construction or distortion, but must be given its plain meaning and be enforced as written. State ex rel. Prudential Ins. Co. of America v. Shain, 344 Mo. 623, 627, 127 S.W.2d 675, 676–677; Prange v. International Life Ins. Co. of St. Louis, 329 Mo. 651, 661, 46 S.W.2d 523, 526, 80 A.L.R. 950, 957; Central Surety & Ins. Corp. v. New Amsterdam Casualty Co., 359 Mo. 430, 435, 438, 222 S.W.2d 76, 78, 80; Hartford Accident & Indemnity Co. v. Federal Deposit Ins. Corp., 8 Cir., 204 F.2d 933, 937; Automobile Insurance Co. of Hartford, Conn. v. Denny, 8 Cir., 206 F.2d 401, 403–404.

Since the instant case is a diversity case governed by local law, we are not called upon to decide whether the conclusion reached by Judge Regan as to Catherine Cavanagh's classification as an insured under the policy was necessarily correct, but only whether his conclusion was a permissible one. We think it was a permissible conclusion. It represented his forecast or prophecy as to the result that would be reached by the Supreme Court of Missouri if it were called upon to decide an identical case. The plaintiff, we think, failed to demonstrate that the conclusion of Judge Regan is based upon any clear misconception or misapplication of Missouri law or that it is logically untenable. See and compare: Bookwalter v. Phelps, 8 Cir., 325 F.2d 186, 188; Campbell v. Village of Silver Bay, Minn., 8 Cir., 315 F.2d 568, 575; Wash v. Western Empire Life Ins. Co., 8 Cir., 298 F.2d 374, 378; Village of Brooten v. Cudahy Packing Co., 8 Cir., 291 F.2d 284, 288–289, 301; Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733–735 and cases cited; Milwaukee Insurance Co. v. Kogen, 8 Cir., 240 F.2d 613, 615 and cases cited.

It seems improbable that if, by the terms of the policy, the insureds under Class II had been covered for a lesser amount than those included in Class I, the plaintiff would be insisting that Catherine Cavanagh was plainly within Class

**978**

II. The plaintiff does not claim that the trial court erred in ruling that the pertinent language of the policy was not ambiguous. The contention is that the court misinterpreted the plain language of the policy. This Court may not substitute its judgment for that of the trial court, which is not demonstrably wrong. Cf. Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 138.

The judgment appealed from is affirmed.