**MID–CONTINENT STORES, INC.,**
a Corporation, Appellant,

v.

**CENTRAL SURETY AND INSURANCE CORPORATION, a Corporation, Respondent.**

No. 23952.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1964.

Sheffrey, Ryder & Skeer, David Skeer, Kansas City, for appellant.

Achtenberg, Sandler & Balkin, Bernard L. Balkin, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action upon a fidelity bond. The trial court entered its order sustaining defendant's motion for summary judgment and plaintiff appealed.

Plaintiff is the owner and operator of merchantile stores. On October 15, 1956, defendant delivered to plaintiff its "Blanket Position Bond." Said bond was in full force and effect at all times relevant to the matter here in controversy. The bond insured plaintiff against loss due to any fraudulent or dishonest acts of its employees. Plaintiff's petition alleged that by reason of the fraudulent acts of one of its store managers it sustained a loss in the amount of $6100.

The deductible amount of the bond was $500. Plaintiff admitted in the trial court and likewise concedes in its brief here that it cannot prove an amount of loss in excess of $500 otherwise than by means of an inventory computation.

The pertinent part of the bond is as follows:

"Insuring agreement. The underwriter, in consideration of the payment of the premium and subject to the declarations made a part hereof, the general agreements, conditions and limitations and other terms of this bond, agrees to indemnify the insured against any loss of money or other property which the insured shall sustain through any fraudulent or dishonest act or acts committed by any of the employees acting alone or in collusion with others, the amount of indemnity on each of such employees being the amount stated in item 3 of the declarations.

"Limit of Liability, $5000.00

"Exclusion, Section 2. This bond does not apply to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this paragraph shall not apply to loss of money or other property which the insured can prove, through evidence wholly apart from such computations, is sustained by the insured through any fraudulent or dishonest act or acts committed by any one or more of the employees."

Defendant's brief discloses that experts in the field of inventory and stock shortages in retail trade have consistently held that it is impossible to claim that an inventory shortage establishes an actual loss of goods or merchandise or that the shortage, if actual, was due to dishonesty of employees. As a result, the language contained in the present bond was adopted by fidelity insurers.

The language of the bond is clear and unambiguous. The above quoted section 2 specifically excludes from coverage any loss the proof of which, either as to its factual existence or as to its amount, is dependent on inventory computation or profit and loss computation. As we have stated, plaintiff admits that it cannot prove a loss in excess of $500 other than by means of an inventory computation.

Our courts have consistently held that the parties have a right to contract for such limitations or conditions of liability as may be agreed upon and an insurance contract containing no ambiguity of language cannot be construed to afford coverage where coverage does not exist by the terms of the policy. Central Surety and Insurance Corporation v. New Amsterdam Casualty Co., 359 Mo. 430, 222 S.W.2d 76; State Mutual Life Assurance Co. v. Dischinger, 263 S.W.2d 394, Mo.Sup. In a comparatively recent pronouncement on this issue, our Supreme Court in the case of State ex rel. Prudential Insurance Company of America v. Bland, et al., 353 Mo. 956, 185 S.W.2d 654, 656, has stated:

"* * * if the bond by its terms is unambiguous, then respondent's opinion in construing the bond and giving it a different construction from its plain meaning conflicts with our rulings where we held that the words and phrases in all documents must be given their plain, ordinary, and usual meanings. Worthington Drainage District v. Township of Elm, Putman County, 339 Mo. 270, 96 S.W.2d 374; Paisley v. Lucas, 346 Mo. 827, 143 S.W.2d 262. Where there is no ambiguity, there is no room for construction. Unequivocal language in a written document must be given its plain, ordinary, and usual meaning. State ex rel. Prudential Insurance Company of America v. Shain et al., 344 Mo. 623, 127 S.W.2d 675."

The judgment is affirmed.

All concur.