Dorothy M. SCHLITT, etc.,
Plaintiff-Appellant,

v.

STATE OF FLORIDA, et al.,
Defendants-Appellees.

Dorothy M. SCHLITT, Charles
Matthews and Donald Good,
Plaintiffs-Appellants,

v.

Bernard SLIGER, et al.,
Defendants-Appellees.

No. 83–3361.

United States Court of Appeals,
Eleventh Circuit.

Jan. 8, 1985.

John D. Carlson, Tallahassee, Fla., for plaintiff-appellant.

Harry Chiles, Asst. Atty. Gen., Patricia A. Draper, Associate Univ. Atty., Tallahassee, Fla., for defendants-appellees.

Before FAY and VANCE, Circuit Judges, and MacMAHON *, District Judge.

PER CURIAM:

This case has a rather complicated procedural history. In essence it is a consolidated action brought by faculty members at Florida State University against the Board of Regents alleging violations of 42 U.S.C. § 2000e et seq., 29 U.S.C. § 206, 42 U.S.C. § 1983 and the first and fourteenth amendments.

Plaintiffs were not entitled to a jury with respect to their Title VII claims but were entitled to a jury trial with respect to other ·claims. Although neither cites a record reference we have been told by both parties in brief and at oral argument that by agreement the entire case was tried before the court and jury with the jury to act in an advisory capacity with respect to those issues for which a jury trial was not allowable.

The transcript of proceedings reveals that the case was tried as if it had been an ordinary jury trial and that at the conclusion of the testimony the trial judge directed a verdict for defendants. On appeal to this court plaintiffs complain that the trial court improperly failed to enter findings of fact and conclusions of law on those issues that were tried to the court with the jury acting only in an advisory capacity.

Fed.R.Civ.P. 50, governing directed verdicts, applies only in cases tried to a

* Honorable Lloyd F. MacMahon, U.S. District Judge for the Southern District of New York, sitting by designation.

jury with power to return a binding verdict. *Morris v. Prefabrication Engineering Co.,* 160 F.2d 779 (5th Cir.1947). It does not apply to cases tried before a court with an advisory jury. In cases using no jury or an advisory jury, Fed.R.Civ.P. 41(b) and 52(a) clearly mandate that the trial judge issue findings of fact and conclusions of law when he dismisses a plaintiff's case. Our precedents forcefully reject the trial judge's handling of an advisory jury case as if it were being decided by the jury alone. *Aetna Insurance Company v. Stanford,* 273 F.2d 150 (5th Cir.1959). In this case enforcement of the requirement is particularly important since our review would be extremely difficult, at least, without the required findings and conclusions.

Appellants argue that because the district court did not enter findings of fact and conclusions of law they are entitled to reversal and a new trial. In making that argument they misconceive the appropriate remedy. The proper course is for us to remand for the district court to make appropriate findings and conclusions. *See Aetna Insurance Company v. Paddock,* 301 F.2d 807 (5th Cir.1962).

Because of the posture of the case this court will retain jurisdiction but remand the case to the district court with instructions that within ninety days it make findings of fact and conclusions of law on those issues tried to the jury in its advisory capacity. The record should then be returned to this court and the parties will be given leave to supplement their briefs as previously filed.

REMANDED WITH INSTRUCTIONS.